## GELZER *v.* SCAMONI

[No. 178, September Term, 1964.]

*Decided March 10, 1965.*

The cause was submitted on the brief to PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and OPPENHEIMER, JJ.

Submitted by *Charles P. Howard, Jr.* for appellant.

No brief and no appearance for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

When the trial court refused to strike out a confessed judgment that had been obtained against him, appellant noted this appeal.

In his application to open the judgment, he named three allegedly meritorious defenses. Maryland Rule 645. Appellant was weak and vacillating as a witness, and failed, utterly, to show a "meritorious" defense in either of his two claimed ones upon which he was allowed to give testimony; but his third alleged defense was a full set-off, and the court refused to hear testimony concerning the same, on the theory that set-off could not be offered as a defense in order to open up a confessed judgment. The trial judge, *inter alia,* stated: "Yes, but a question of set-off has nothing to do with the judgment [in this case]. * * * Not on a set-off. * * * If he [appellant] has a claim against him [appellee], why all he has got to do is to get judgment and then one judgment is set off against the other. * * * If this man [appellee] owes him [appellant] money, why there is nothing to stop him [appellant] from bringing suit." The judge then refused to hear testimony in regard to the alleged set-off. In so doing, he fell into error.

In *Stankovich v. Lehman,* 230 Md. 426, we set forth with considerable specificity the tests to be applied to determine whether an alleged defense to a confessed judgment is a "meritorious" one. See also *Ryan v. Johnson,* 220 Md. 70, as another of the many Maryland cases dealing with meritorious defenses. Applying the rule stated in *Lehman, supra,* we hold that a showing of a set-off, according to the tests and standards laid down therein, is a "meritorious defense" so as to open a confessed judgment; hence the trial judge should have heard testimony to ascertain whether appellant could make such a show-

ing. It would, indeed, be a dangerous procedure to permit a confessed judgment to stand against one who has seasonably raised his claim and has a just and valid set-off against the holder of the judgment, until such time as the claim upon which the set-off is based can be reduced to judgment. The holder of the confessed judgment would be at liberty to collect his judgment, and, if, at the time the owner of the set-off obtains judgment, the former holder of the confessed judgment be financially irresponsible, the owner of the set-off might never be able to collect on his judgment.

We will, therefore, neither affirm nor reverse the order appealed from, but remand the case pursuant to Maryland Rule 871 a, so that the trial court may take testimony upon the issue of set-off only, and render a decision according to what such testimony discloses.

> *Order neither affirmed nor reversed; case remanded for further proceedings; costs to abide the result.*