FOOS, ET VIR *v.* STEINBERG

[No. 338, September Term, 1966.]

36

*Decided June 5, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Harry Goldman, Jr.,* with whom were *Marshall & Marshall* on the brief for appellants.

*E. Clinton Bamberger, Jr.,* with whom was *Browne L. Kooken* on the brief for appellee.

FINAN, J., delivered the opinion of the Court.

On November 27, 1962, appellants, Anna L. Foos, et vir, filed suit in the Superior Court of Baltimore City against ap-

pellee, Doctor Murray Steinberg, alleging medical malpractice. On January 3, 1963, appellants, pursuant to an order of court, filed an amended declaration which was the same as the original declaration except that it corrected the appellee's name and address. The acts of malpractice were alleged to have occurred when the appellee failed to remove a surgical sponge from appellant's vaginal cavity following an operation in April of 1959, to repair a rectovaginal fistula. In November, 1959, a corrective operation was performed and according to the amended declaration appellant remained under appellee's care until March, 1960.

On January 26, 1965, the court struck certain of the appellee's preliminary motions and on February 15, 1965, appellee demurred to the amended declaration. The demurrer attempted to raise the statute of limitations as a bar to the appellants' suit. Thereafter, on April 15, 1965, the appellee withdrew his demurrer and filed a plea to the amended declaration, raising specially limitations. On April 20, 1965, appellants' moved to strike the special plea of limitations on the ground that it was not filed within the time allotted by the Maryland Rules. Appellants' motion to strike was denied by Chief Judge Manley.

Appellee moved for a summary judgment on September 22, 1965. A hearing was held on the motion, and on July 11, 1966, appellee was granted summary judgment; Judge O'Donnell finding the appellants' claims to be barred by the statute of limitations.

In reversing the lower court we need go no further than to hold that the appellee's plea of limitations was not filed within the time contemplated by the Maryland Rules and thus should have been stricken pursuant to Rule 322. Rule 342 provides that a plea of limitations must be specially pleaded in both actions *ex contractu* (342 c 1 (d)) and *ex delicto* (342 c 2 (a)) and further provides that the "plea of limitations must be filed within the time required by Rule 307 (Time for Defendant's Initial Pleading)." Rule 342 d 2. Rule 307 a 1 provides that the defendant has fifteen days after the day of return to file his initial pleading; however, Rule 309 a provides that where "a motion, demurrer, * * * or other pleading requiring a ruling by the

court * * * is filed, the time for pleading, including a plea of limitations, * * *, shall be enlarged, without special order, to fifteen days after * * * disposition by the court of such motion * * *."

In the case at bar, the appellee first attempted to raise limitations by demurrer, which was improper. *Waldman v. Rohrbaugh,* 241 Md. 137, 215 A. 2d 825 (1966). In any event the demurrer was withdrawn on April 15, 1965, and on the same date appellee specially pleaded limitations. The plea came too late, for pursuant to Rules 342 d 2, 307 a 1 and 309 a the appellee had only fifteen days after January 26, 1965—the date the court disposed of certain of appellee's preliminary motions.

The plea of limitations is not looked upon favorably by the courts and accordingly the rules governing it are to be strictly construed. *Lichtenberg v. Joyce,* 183 Md. 689, 39 A. 2d 789 (1944). It is not a plea to the merits for it does not deny the plaintiff's right of action, but only the exercise of the right. Furthermore, the plea "must be filed within the time required by the rules of court. * * *. It has generally been the practice in Maryland to require pleas of limitations to be filed by the rule day." *Snyder v. Cearfoss,* 187 Md. 635, 639, 51 A. 2d 264, 266 (1947).

We see nothing to remove the instant case from the operation of the Maryland Rules cited above. This is not a case where the clerk failed to follow the rules of court and thereby misled the pleader, as was the case in *Snyder v. Cearfoss, supra.*

The appellee relied on *Stockett v. Sasscer,* 8 Md. 374 (1855) and *Hutton v. Marx,* 69 Md. 252, 14 A. 684 (1888) to substantiate his contention that the appellants, by their alleged failure to object to either the tardiness of the demurrer or to the procedural error of the plea of limitations in the demurrer, waived whatever rights they had to strike the late filing of the plea of limitations. We see no merit in this contention and the most charitable construction of either the facts or the law of *Stockett* or *Hutton* fails to approach pertinency to the case at bar.

In light of what has already been said, this Court has no choice but to reverse the granting of summary judgment in

favor of the appellee and remand the case with instructions to strike the plea of limitations as untimely.

> *Reversed and remanded for further proceedings in accordance with this opinion, appellee to pay the costs.*