J. B. CORPORATION *v.* FOWLER

[No. 400, September Term, 1969.]

*Decided June 5, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*George W. McManus, Jr.,* with whom were *Richard Baldwin Moore* and *J. Harlan Livezey* on the brief, for appellant.

*N. Paul Cronin* for appellee.

SMITH, J., delivered the opinion of the Court.

We here hold that there was an abuse of discretion upon the part of a judge who refused to set aside a judgment before it became enrolled to permit a plea of set-off.

Appellee, Howard James Fowler (plaintiff), sued appellant, J. B. Corporation (defendant), in the Circuit Court for Harford County. The suit alleged purchase by plaintiff from defendant of an airplane with $3,000.00 paid down, that defendant "proposed and the Plaintiff agreed to negate and void the sale of said airplane by the Defendant to the Plaintiff", and that defendant had refused to refund the sum of $3,000.00 to plaintiff. A motion for summary judgment with the required notice was appended to the declaration together with an affidavit in support of the motion. Defendant filed a general issue plea. It failed to file an answer to the motion for summary judgment.

At an *ex parte* hearing the motion for summary judgment was granted and judgment entered in favor of plaintiff against defendant in the amount of $3,000.00. On this

judgment plaintiff two days later issued a writ of *fieri facias*. This produced action! Six days later defendant filed a motion to strike the judgment reciting that "[t]hrough inadvertence, Defendant's attorney filed only a General Issue Plea to Plaintiff's Declaration and no specific answer to Plaintiff's Motion for Summary Judgment", that there was "a genuine dispute between the parties and Plaintiff's counsel had admitted the same to Defendant's counsel", and prayed opportunity to file an affidavit in opposition to the affidavit which was filed in support of the motion for summary judgment. In denying the motion the trial judge said in part:

> "The Defendant moved, within the 30 day period allowed, to strike the Judgment for the Plaintiff. The Affidavit in support of said Motion alleged a total of $2,546.13 as a credit against the $3,000.00 refund. After arguments were heard and after due consideration, this Court feels that the Defendant has shown what may be a valid counterclaim for rental use of the plane, flying time, and supplies furnished by the Defendant. But the fact remains that there is no genuine dispute as to the $3,000.00 paid by the Plaintiff. The Defendant must plead his case separately."

In *Clarke Baridon v. Union Co.*, 218 Md. 480, 147 A. 2d 221 (1958), Judge (now Chief Judge) Hammond said for the Court:

> "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equi-

table circumstances that would justify striking the judgment—that is, whether the court entertained a reasonable doubt that justice had not been done. *Phelps v. Herro* [215 Md. 223, 137 A. 2d 159 (1957)]; 2 Poe, *Pleading and Practice* (5th Ed.), Sec. 392; *Smith v. Lapidus,* 208 Md. 273, 279." *Id.* at 483.

In *Ryan v. Johnson,* 220 Md. 70, 150 A. 2d 906 (1959), there was a summary judgment entered in favor of the plaintiff. Motion to strike was filed within 30 days. Chief Judge Brune said for the Court:

"We think that the asserted defense that the payments were gifts, if substantiated, would constitute a valid and meritorious defense. * * *

"Since the trial court appears to have proceeded upon a contrary view of what would constitute a valid defense, we think that the denial of an opportunity to present the defense here asserted resulted in an abuse of the court's discretion in refusing to strike out the judgment." *Id.* at 73.

The Court then said that the case met the test stated in *Clarke Baridon v. Union Co., supra,* and proceeded to quote from that opinion. See also *Eshelman Motors v. Scheftel,* 231 Md. 300, 301, 189 A. 2d 818 (1963), where with reference to the discretion lodged in the trial court by the first sentence of Maryland Rule 625 a the Court said, "[I]t is a discretion which must be exercised liberally lest technicality triumph over justice."

In *Gelzer v. Scamoni,* 238 Md. 73, 207 A. 2d 655 (1965), the Court was concerned with determining whether or not a confessed judgment could be opened under Maryland Rule 645. Chief Judge Prescott said for the Court, "The judge then refused to hear testimony in regard to the alleged set-off. In so doing, he fell into error." He then went on to state for the Court:

"[W]e hold that a showing of a set-off, accord-

ing to the test and standards laid down [in *Stankovich v. Lehman,* 230 Md. 426, 187 A. 2d 309 (1963)], is a 'meritorious defense' so as to open a confessed judgment; hence the trial judge should have heard testimony to ascertain whether appellant could make such a showing. It would, indeed, be a dangerous procedure to permit a confessed judgment to stand against one who has seasonably raised his claim and has a just and valid set-off against the holder of the judgment, until such time as the claim upon which the set-off is based can be reduced to judgment. The holder of the confessed judgment would be at liberty to collect his judgment, and, if, at the time the owner of the set-off obtains judgment, the former holder of the confessed judgment be financially irresponsible, the owner of the set-off might never be able to collect on his judgment." *Id.* at 74-75.

With this background of the law and facts, the conclusion logically follows. The trial judge determined that the defendant showed "what may be a valid counterclaim". Accordingly, this is not a frivolous defense. This Court has held that denial of opportunity to present an asserted defense by refusing to strike a summary judgment was an abuse of a trial court's discretion. A plea by way of set-off has been held within the meaning of meritorious defense. Therefore, it was an abuse of discretion here not to set the judgment aside and thus permit the defendant to present its defense. The comment of Chief Judge Prescott in *Gelzer v. Scamoni, supra,* as to the reason for permitting reopening of a judgment by confession is equally applicable to the facts at hand.

There should be a final judgment entered at this time in favor of the plaintiff against the defendant for the sum that the defendant admits being due to the plaintiff, namely the difference between the $3,000.00 plaintiff claimed and the $2,546.13 credit claimed by the defen-

dant against that sum or $453.87. The lien of the remainder of the judgment should be retained pending the outcome of the set-off litigation.

*Order reversed and case remanded for further proceedings; costs of this appeal to abide the outcome of appellant's claim for setoff.*