# DuPONT, GLORE, FORGAN, INCORPORATED *v.*
# BARSHACK ET AL.

[No. 201, September Term, 1973.]

*Decided March 20, 1974.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Louis J. Glick,* with whom were *Allan J. Gibber* and *Burke, Gerber & Wilen* on the brief, for appellant.

*A. David Gomborov,* with whom were *Gomborov, Steinberg & Schlachman* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

The sole question presented in this case is whether the appellees, Jack Barshack *et al.* (the Barshacks), seasonably pleaded limitations. We shall sustain the ruling of the trial judge (Dorf, J.) who concluded that they had.

Appellant, duPont, Glore, Forgan, Incorporated (duPont),

is a stock broker. Its declaration alleged "that on or about December 24, 1968, the [Barshacks] did purchase from [duPont] 300 shares of Monarch Life Insurance Company for their account"; that "subsequently on December 31, 1968, the shares became exchangeable for 375 shares of Monarch Capital Corporation, which the [Barshacks] did accept and subsequently sold on February 26, 1969"; that duPont "did in error maintain in the [Barshacks'] account credit for the 300 shares" of the first named company; that "on or about December 15, 1969, the [Barshacks] instructed [duPont] to deliver their shares in [the first named company] to another broker, which was done on March 30, 1970," and that at the time the Barshacks directed the delivery of the shares of stock they knew or should have known that the stock was shown to their credit in error, having been previously sold. Suit to recover the value of the stock was filed on May 10, 1973. Summons was issued to the June return day. Thereafter, pertinent dates are as follows:

May 21 — the Barshacks filed a demand for particulars.

June 12 — duPont answered the demand for particulars.

June 22 — the Barshacks demurred to the declaration, raising the issue of limitations.

August 7 — the Barshacks' demurrer was overruled.

August 16 — the Barshacks filed a special plea of limitations.

DuPont filed a motion *ne recipiatur* to the plea of limitations, contending that since the demurrer raising that point had been overruled, the Barshacks should plead to the merits. (They had filed no general issue plea.) The duPont motion was overruled and judgment for costs was entered in favor of the Barshacks against duPont on the basis of the plea of limitations.[1]

---

1. Everyone treated this as a motion for summary judgment and so will we.

Maryland Rule 342 d 2 provides that a plea of limitations "must be filed within the time required by Rule 307 (Time for Defendant's Initial Pleading)." Rule 307 a 1 requires:

" The defendant in any action shall file with the clerk his initial pleading within fifteen days after the return day to which he is summoned except where the court, pursuant to section b of Rule 309 (Time-Extension or Shortening) shall shorten or extend the time for filing his initial pleading. In such case the initial pleading shall be filed within the time prescribed in the court's order."

Rule 309 a states:

"Where a ... demurrer, demand for particulars ... or other pleading requiring a ruling by the court or compliance by a party is filed, the time for pleading, *including a plea of limitations ...*, shall be enlarged, without special order, to fifteen days after compliance with the demand or disposition by the court of such ... demurrer ...." (Emphasis added.)

In *Hoover v. Williamson*, 236 Md. 250, 255-56, 203 A. 2d 861, 10 A.L.R.3d 1064 (1964), Judge Hammond pointed out for the Court that in an action at law, limitations must be raised by a special plea, as provided in Rule 342 c 2 (a), "and may not be raised by demurrer, except where the time within which suit must be filed is a part of the right to sue and not, like an ordinary statute of limitations, a matter of the remedy."

DuPont relies upon *Foos v. Steinberg*, 247 Md. 35, 230 A. 2d 79 (1967), where a demurrer was filed and a subsequent plea of limitations was held to have been filed too late. In that case, however, the defendant on April 15 *withdrew* his attempt to raise limitations by demurrer, the attempt being dubbed by the Court as "improper," and on the same day specially pleaded limitations. Judge Finan said for the Court:

"The plea came too late, for pursuant to Rules 342 d

2, 307 a 1 and 309 a the appellee had only fifteen days after January 26, 1965 — the date the court disposed of certain of appellee's preliminary motions." *Id.* at 38.

The rules must be read together, as is abundantly clear from the quoted portion of Rule 307. That rule states the time within which initial pleadings must be filed, but Rule 309 provides for certain extensions including situations where demurrers have been filed. It will be noted from the dates we have recited that under Rule 309 the plea of the Barshacks was seasonably filed. Hence, there was no error.

*Judgment affirmed; appellant to pay the costs.*