## BEVERLY A. CHASE et al. *v.* JAMES W. JAMISON, JR. et ux.

[No. 542, September Term, 1973.]

*Decided June 14, 1974.*

---

The cause was argued before MORTON, POWERS and MENCHINE, JJ.

*C. MacNair Speed,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellants.

*Samuel F. Kenney* for appellees.

POWERS, J., delivered the opinion of the Court.

James W. Jamison, Jr., and his wife filed a suit in the Superior Court of Baltimore City on 18 April 1969 against Beverly A. Chase and Varnetta J. Snowden, seeking damages alleged to have been incurred when Mr. Jamison was hit on 6 July 1968 by a car driven by Mrs. Chase.

The case has never been tried, and we have no further concern at this time with the claim itself, but only with its progress, or lack of it, in the courts.

Pursuant to an order by plaintiffs' attorneys the case, being at issue, was entered on the trial docket on 4 June 1969. On 13 July 1972 the clerk sent to counsel for the parties a notice pursuant to Supreme Bench Rule 528L, reciting that

the case having been on the trial docket for three years or more, an order of dismissal will be entered after 30 days unless prior thereto a motion is filed to restore the case to the trial docket.

A motion to restore the case to the trial docket was filed on 7 August 1972, and on 16 August 1972 the motion was heard and an order was entered[1] restoring the case and setting 9 November 1972 as the final trial date.

Upon restoration of the case to the trial docket its progress thereafter was governed by subsections (4), (5), and (6) of Supreme Bench Rule 528L. We set out those subsections in full:

"(4) Any order issued by the Assignment Judge of the Supreme Bench restoring a case to the Consolidated Trial Docket pursuant to subsection (3) of this Rule shall therein set a right-of-way date for the trial of said case, which date shall not extend beyond the expiration of the next Term of Court; except that where the Assignment Judge is satisfied that it has been impossible to try said case on the date assigned, or a day subsequent thereto within that Term, because of the pendency of other cases on the Consolidated Trial Docket, he may assign a trial date not beyond the next subsequent Term of Court.

---

1. We call attention to the inconsistency between subsections (1) and (3) of Supreme Bench Rule 528L. Subsection (1) requires the notice to state that an order of dismissal for lack of prosecution will be entered after the expiration of thirty days unless, prior to the expiration of said period, a motion is *filed* pursuant to subsection (3). Subsection (2) directs the clerk to dismiss the case and enter a judgment for costs for the defendant after the expiration of a period of thirty days following the notice, but subsection (3) says that the case shall not be dismissed if prior to the expiration of a period of thirty days following the notice any party, upon motion and good cause shown, *shall obtain* from the Assignment Judge of the Supreme Bench an *order* restoring said case to the consolidated trial docket. The effect of subsection (1) is that a case stays alive by the filing of the motion, but the effect of subsection (3) is that the case is dead unless the party has *obtained an order* prior to the expiration of thirty days from the notice. This inconsistency was not raised in this case. Without attempting to resolve it we shall, in this case, follow the more liberal of the two conflicting provisions.

"(5) The date fixed in an order of Court issued pursuant to subsection (4) of this rule shall be by agreement of the parties and it shall be the obligation of the moving party to obtain such a date by agreement of all other parties and if said party shall be unable to obtain such agreement, then the Assignment Judge upon notice to all parties and opportunity to be heard shall fix said date.

"(6) Any case not tried or otherwise finally disposed of within the term of Court following the date of issuance of an order replacing a case on the consolidated trial docket pursuant to subsections (3) and (4) of this rule shall under no conditions be ordered reinstated by any order of Court or otherwise and shall be returned by the Assignment Commissioner to the Clerk of the Court in which the case was instituted and shall be forthwith marked dismissed by the Clerk."

At the time of the entry of the restoration order of 16 August 1972, the court was sitting in its May 1972 Term. As permitted by subsection (4), the date set for trial, 9 November 1972, was within the next term of court, that is, the September Term, which began on the second Monday of September and terminated with the beginning of the January Term on the second Monday of January, 1973. The case was not tried on the assigned date nor at any time during the September 1972 Term, but before the expiration of that term the court, upon petition of the plaintiffs, entered an *ex parte* order that the case be "carried over to the January 1973 Term." Defendants filed a motion to strike the order, taking the position that there was no showing of good cause to carry the case over, but that motion was later withdrawn without hearing. The order that the case be carried over to the January 1973 Term indicates that the judge who entered it was satisfied that it had been impossible to try the case on the date assigned or on a date subsequent thereto within the September Term. Subsection (4) permits the court, under those circumstances, to assign a trial date *not beyond the next subsequent Term of Court.*

If the provisions of Rule 528L are to be applied, the case, when carried over to the January 1973 Term, had reached the end of its rope. It then became, under the requirements of subsection (5), the obligation of the moving party to obtain a trial date by agreement of all other parties and, if unable to do so, to set in motion the machinery by which the Assignment Judge would fix a trial date.

Because of the failure of the plaintiffs to obtain an agreement for a trial date or an order fixing a trial date in the January 1973 Term, that term came and went and the case was not tried. We read the provisions of subsection (6) as foreclosing the exercise of any discretion by the court to extend the trial date beyond the January 1973 Term, and as commanding the clerk to perform, after that term had ended, the ministerial duty of marking the case dismissed.

The court's discretionary control over the case extended for a period in excess of three years, plus the span of two more terms of court. We think that the purpose and the effect of Rule 528L are to fix an outside limit on the time for termination of litigation, beyond which limit the reasons why a case has not been terminated become irrelevant, the case is removed from the area of judicial discretion, and the only action permitted is the application of the self-executing provisions of the rule, willy-nilly, however harsh or arbitrary the result may be.

The clerk did perform his ministerial duty on 14 May 1973, the first day of the May 1973 Term. The docket entry on that date reads: "Dismissed under Rule 528-L of The Supreme Bench of Baltimore City for lack of prosecution. Judgment absolute in favor of the Defendants for costs of suit".

On 13 June 1973 the plaintiffs below filed a motion to strike the dismissal and to reinstate the case on the trial docket. An answer was filed to the motion and it was heard on 16 August 1973. The motion was granted. The defendants below appealed.

Only one question is presented by appellants here: "Did the lower court abuse its discretion on August 16, 1973 when it reinstated the case for trial?" Our answer is that the court had no discretion to enter that order. It will be vacated, and

the judgment absolute entered on 14 May 1973 will stand, as constituting the termination of the case.

We reach this conclusion under Supreme Bench Rule 528L, but in doing so we have also considered Maryland Rules 530 and 625 a. Rule 625 a says:

> "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

It is the broad discretionary power under the first sentence of Rule 625 a which the appellees say the court was exercising when it entered the order appealed from. This discretionary power lodged in the trial court is indeed broad, and must be exercised liberally, "lest technicality triumph over justice". *Eshelman Motors v. Scheftel,* 231 Md. 300, 189 A. 2d 818 (1963); *Hamilton v. Hamilton,* 242 Md. 240, 218 A. 2d 684 (1966); *J. B. Corporation v. Fowler,* 258 Md. 432, 265 A. 2d 876 (1970).

But keeping a clear eye on justice as an end, which must be always available to litigants who diligently seek it, is a broad goal. To achieve it, those responsible for running the machinery of the court system, the means to that end, must be ever watchful that the machinery does not become fouled by cases which impair the system's ability to achieve its broad goal. Supreme Bench Rule 528L is one way of keeping watch.

We hold that imposition of the sanction in Supreme Bench Rule 528L (6), for failure to terminate a case by the ultimate date allowed by the Rule, has been placed, by the court itself, beyond its own discretionary power to waive. The discretionary power of the court under Maryland Rule 625 a may not be used to relieve a party of the inexorable final consequence of failure to comply with Supreme Bench Rule 528L.

Maryland Rule 530 provides a procedure, Statewide in

application, for disposing of stale cases. Under Maryland Rule 1 f, circuit-wide rules as they existed on 1 October 1969 were allowed to stand, except to the extent inconsistent with the Maryland Rules. Since that date adoption, repeal, or modification of circuit rules is permitted, subject to the power of the Court of Appeals to modify or abrogate them.

Supreme Bench Rule 528 contains two separate parts dealing with dismissal of cases for lack of prosecution. Their combined effect is vastly more liberal than the procedure established by Maryland Rule 530. Supreme Bench Rule 528C permits dismissal when there has been a lapse of eighteen months from the time a case becomes at issue, and the filing of a request to have the case entered on the trial docket. When a case is entered on the trial docket, the clock starts running all over again, and Supreme Bench Rule 528L applies.[2]

We are concerned here with whether Supreme Bench Rule 528L is inconsistent with Maryland Rule 530. They are substantially similar, but there are two differences. Under Supreme Bench Rule 528L the notice of contemplated dismissal is sent after the case has been on the consolidated trial docket for three years or more. Under Maryland Rule 530 a the notice is sent ·when there have been "no proceedings of record" in the case "taken within a period of eighteen months." The longer period in the local rule is not an inconsistency, for § f of Maryland Rule 530 says that, "Courts may by rule or order provide for a period longer than, but not less than, eighteen months in all actions or in certain classes of actions * * *."

The nature of the inactivity whose extent is measured

---

2. Each of the two Supreme Bench Rules roughly parallels Maryland Rule 530. Rule 528C was extensively revised on 1 May 1970, undoubtedly because the Court of Appeals held on 6 April 1970 in Mutual Benefit Society v. Haywood, 257 Md. 538, 263 A. 2d 868, that certain aspects of Rule 528C were in sharp variance with and repugnant to Maryland Rule 530, so that any dismissal taken under it was voidable. Also on 1 May 1970 several revisions were made in Rule 528L. At the same time Rule 528M was added, providing that none of the provisions of Rule 528 shall be construed as in any measure superseding, supplanting or modifying the application of Maryland Rule 530. None of the 1 May 1970 changes in Supreme Bench Rule 528 has been modified or abrogated by the Court of Appeals.

against the prescribed time period also differs in the two Rules. That difference has no significance in the present case, since the inactivity here called for the notice of contemplated dismissal under either Rule. But the three year period begins to run when the case is placed on the trial docket, and is not interrupted by proceedings of record taken in the case.

Between 4 June 1969, when this case was entered on the trial docket, and 13 July 1972, when the notice of contemplated dismissal was sent, a period in excess of three years, there were no proceedings of record taken in the case. The docket shows the filing during this period of answers to interrogatories and of a notice to take a deposition, but these are not proceedings. See *Pappalardo v. Lloyd,* 266 Md. 512, 295 A. 2d 221 (1972), *Vernon v. Aubinoe,* 259 Md. 159, 269 A. 2d 620 (1970), Maryland Rule 5, §§ w and a.

In *Pappalardo v. Lloyd, supra,* the trial court, after notice of contemplated dismissal under Maryland Rule 530, had entered an order suspending the operation of the Rule, provided the case be set for trial on or before a fixed date. The case was not tried by the date fixed. The court ordered the case dismissed, and later denied a motion to reinstate it. The Court of Appeals said, at 514-15:

> "When they failed to comply within the time allowed, the case was in effect dismissed upon the expiration of the time fixed in the Order. The formal Order of Dismissal entered by the court on January 7, 1972 required no further notice and simply reduced to writing what was an accomplished fact. The action of the lower court, therefore, will be affirmed."

It is significant to the case before us that the Court of Appeals, in *Pappalardo,* did not refer to the action of the lower court as an exercise of discretion.

The purpose of Maryland Rule 530 was expressed by Judge Digges for the Court of Appeals in *Stanford v. District Title Ins. Co.,* 260 Md. 550, 273 A. 2d 190 (1971) where he said, at 554:

"Implicit in this rule is recognition that the court's business as well as the general public's interest in the proper administration of justice can best be served when litigation is not allowed to stagnate unless the court is satisfied the ends of justice so require."

In that case the Court described the Rule as "self-executing", and referred to its "automatic operation". The Court, through Judge Digges, further said, at 555:

"Seizing upon eighteen months as the utmost reasonable time period in which a case can be permitted to remain catatonic, that rule permits the trial judge to allow a brief reprieve where it is affirmatively demonstrated that total inaction has been justified."

We take the discretionary power to suspend the operation of Maryland Rule 530, given in § c, to contemplate the allowance of a brief reprieve when it is shown to be justified. Supreme Bench Rule 528L allows several built-in reprieves, more extended than brief, and we see no inconsistency between the two Rules in that respect.

Supreme Bench Rule 528L provides unequivocally in § (6) that a case in the posture that this case was in at the end of the January 1973 Term, "shall under no conditions be ordered reinstated by any order of Court or otherwise." We find no relief from that command in either Maryland Rule 625 a or Maryland Rule 530. The court had no power to enter the order of 16 August 1973 striking the dismissal and judgment entered on 14 May 1973.[3]

*Order of 16 August 1973 vacated.*

*Appellees to pay costs.*

---

**3.** The right to appeal from this order has not been questioned here. If the lower court had discretion to enter it, we would consider it interlocutory, and would dismiss the appeal as premature. We hold that the court had no discretion, and that the order was appealable. See Gay Investment Co. v. Angster, 231 Md. 318, 190 A. 2d 95 (1963).