E. DAVID SILVERBERG, ETC. *v.* STATE
OF MARYLAND, CENTRAL
COLLECTION UNIT

[No. 364, September Term, 1976.]

*Decided March 10, 1977.*

The cause was argued before THOMPSON, DAVIDSON and MASON, JJ.

*John S. Wood* for appellant.

Submitted on brief by *Francis B. Burch, Attorney General,* and *Edward R. Jeunette, Assistant Attorney General,* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 23 December 1975, in the Superior Court of Baltimore City, the appellee, State of Maryland Central Collection Unit, filed a declaration seeking to recover money allegedly due and owing from the appellant, E. David Silverberg, sub-committee for John Booze. A motion for summary judgment, a supporting affidavit and a notice to plead were attached. On 16 January 1976, the appellant filed a motion

*ne recipiatur* alleging that the affidavit did not affirmatively show that the affiant was competent to testify or that the affidavit was made upon personal knowledge of the affiant.[1] On 15 March 1976, the trial court permitted the appellee to amend its affidavit, and denied the appellant's motion. On 16 March 1976, a final judgment was entered in favor of the appellee.

Here, the appellant contends that the trial court erred in granting the appellee's motion for summary judgment before the time for filing his responsive pleading had elapsed. We agree.

The Maryland Rules have the force of law.[2] Maryland Rule 309 a provides:

> "Where a motion . . . requiring a ruling by the court . . . is filed, the time for pleading, including . . . *an answer to a motion for summary judgment or affidavit in support thereof,* shall be enlarged, without special order, to fifteen days after . . . disposition by the court of such motion, demurrer or exception." (Emphasis added.)[3]

Under this rule, the appellant was entitled to 15 days from the date upon which the court denied his motion *ne recipiatur* within which to file an answer to the appellee's motion for summary judgment.[4] The trial court erred in entering a judgment on the motion for summary judgment before that time had elapsed.

> *Judgment reversed.*
> *Case remanded for further proceedings in accordance with this opinion.*
> *Costs to be paid by the appellee.*

---

1. Maryland Rule 610 b.

2. Hauver v. Dorsey, 228 Md. 499, 502, 180 A. 2d 475, 476 (1962); Main v. Lynch, 54 Md. 658, 668 (1880); Moaney v. State, 28 Md. App. 408, 414 n.4, 346 A. 2d 466, 471 n.4 (1975).

3. Related rules must be read together. DuPont, Glore, Forgan, Inc. v. Barshack, 271 Md. 316, 319, 316 A. 2d 527, 528 (1974); Baltimore Transit Co. v. Mezzanotti, 227 Md. 8, 19-20, 174 A. 2d 768, 774 (1961). *See* Md. Rule 610 a 1, 2; Md. Rule 610 c 1, 3; Md. Rule 307 a 1; Md. Rule 309 a.

4. *See* DuPont, *supra*, 271 Md. at 318-19, 316 A. 2d at 528-29.