## GEORGE R. YOUNG *v.* MAYNE REALTY CO., INC.

[No. 1162, September Term, 1980.]

*Decided May 12, 1981.*

Appeal from the Circuit Court for Montgomery County (MILLER, H. Ralph, J.).

The cause was argued before MOORE, LISS, and MACDANIEL, JJ.

*Joseph A. Lynott, Jr.,* for appellant.

*William H. Roberge, Jr.,* with whom were *Robert A. Gingell* and *John S. Weaver* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

This case arises out of a demand promissory note dated December 1, 1976, executed by appellant, George R. Young, in favor of Mayne Realty Co., Inc. The note authorized entry of a judgment by confession. On April 16, 1980, appellee sued appellant in the Circuit Court for Montgomery County. Its declaration was accompanied by the note, an affidavit by the president of the corporation, and an order to confess judgment. On the day the case was docketed, judgment by confession was entered in favor of appellee in the amount of $40,410.80, representing principal, interest, attorney's fees and court costs.

Appellant filed a timely motion to vacate the judgment on the grounds that he had a meritorious defense to the action and that enforcement of the note was barred by the Statute of Limitations. Appellee filed an affidavit in opposition to the motion to vacate, alleging that appellant recently acknowledged the debt. Appellant then filed a reply affidavit in which he alleged: (1) that he never acknowledged the debt; (2) that appellant executed the note at the request of appellee; (3) that the appellee represented to the appellant that the execution of the note was for "bookkeeping purposes only"; and (4) that payment of the note would not be enforced.

A hearing was held and the trial judge denied appellant's motion on the ground that the Statute of Limitations did not constitute a "meritorious defense" within the meaning of Maryland Rule 645. It is from that judgment that this appeal was noted.

Appellant raises two issues to be decided by this appeal:

I. Did the lower court err in denying appellant's motion to vacate a judgment that had been entered on a confessed judgment note on the ground that a defense based on the Statute of Limitations does not constitute a meritorious defense under Maryland Rule 645?

II. Did appellant's affidavit set forth a meritorious defense?

We shall consider the two issues together.

## I. and II.

Rule 645 requires that a motion to vacate a confessed judgment shall be made on the ground that the defendant has a meritorious defense to the cause of action, and that in order to vacate such a judgment the evidence presented at the hearing must establish the existence of "substantial and sufficient grounds for an actual controversy as to the merits of the case." Rule 645 d. Both appellant and appellee, in their respective briefs, have become entangled in a struggle over semantics. Appellant argues that his burden of showing a "meritorious defense" [1] is satisfied by the showing of a "defense that has merit." Appellee contends just as strenuously that a meritorious defense must be a "defense to the merits," and therefore a plea of limitations is not a plea to the merits for it does not deny the plaintiff's right of action, but only the exercise of the right. *See Foos v. Steinberg,* 247 Md. 35, 230 A.2d 79 (1967).

The question as to whether a defense based upon limitations constitutes a meritorious defense under Rule 645 and

---

1. The Court of Appeals has repeatedly used the term "meritorious defense" interchangeably with "substantial and sufficient" as used in Rule 645 d.

could thereby serve as a ground to vacate a confessed judgment is, so far as we have been able to determine, a novel issue.

Maryland Code (1974, 1980 Repl. Vol.) Sec. 5-101 of the Courts & Judicial Proceedings Article provides that:

A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.

Rule 645 d, which governs the procedure for vacating a confessed judgment, stipulates:

d. *Disposition of Application.*

The motion shall be heard promptly by the court. If the evidence presented at the hearing establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the court shall order the judgment by confession vacated, opened or modified with leave to the defendant to file a pleading and the case shall stand for trial. If the evidence does not establish that there are substantial and sufficient grounds for actual controversy as to the merits of the case, the judgment shall stand to the same extent as a judgment absolute entered after trial.

The trial judge took no evidence from either of the parties and after hearing legal argument, he dismissed the motion to vacate the confessed judgment on the ground that the Statute of Limitations did not constitute a meritorious defense within the meaning of Rule 645. We do not agree. The effect of the trial judge's holding would be to deprive any defendant in a confessed judgment suit of the defense of limitations otherwise available to other debtors under Section 5-101 of the Courts Article. We perceive nothing in the statute which requires a holding that debts secured by cognovit notes are to be treated differently from other

indebtedness so far as the defense of limitations is concerned. The courts are required to enforce the Statute of Limitations as adopted by the Legislature and have no authority to create an unauthorized exception merely on the ground that such exception would be within the spirit or reason of the statute. *McMahan v. Dorchester Fertilizer Co.,* 184 Md. 155, 40 A.2d 313 (1944).

We conclude that a "meritorious defense" is not necessarily a defense to the merits of the transaction from which the note arose, but it is a defense that has merit. The case of *Gelzer v. Scamoni,* 238 Md. 73, 207 A.2d 655 (1965), is illustrative ·of this principle. In *Gelzer,* the defendant, as a ground to vacate the confessed judgment, offered an alleged set-off due him. The trial court refused to vacate the judgment on the ground that the set-off was totally unrelated to the note upon which the confessed judgment was entered. In reversing, the Court of Appeals held:

> [A] showing of a set-off, according to the tests and standards laid down . . . is a "meritorious defense" so as to open a confessed judgment; hence the trial judge should have heard testimony to ascertain whether appellant could make such a showing. [238 Md. at 74.]

The Court of Appeals has further held: "A note payable on demand is payable immediately, without demand. [Citations omitted]. Limitations begin to run on the day of execution of such an instrument." *Continental Oil Co. v. Horsey,* 177 Md. 383, 385-86, 9 A.2d 607 (1939).

It is obvious from the face of the note that the confessed judgment suit was filed more than five months after the expiration of limitations.

Appellee contends that the limitation protection provided by Section 5-101 of the Courts Article was waived by the defendant when he executed the confessed judgment note. The note provides, *inter alia,* that the defendant:

... authorize(s), irrevocably, any attorney of any Court of Record, to appear for me in such Court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, whether due or not, together with costs, including attorney's fees at fifteen (15) per cent, and to waive and release all errors which may intervene in any such proceedings and to consent to immediate execution upon such judgment; hereby ratifying and confirming all that said attorney may do by virtue hereof.

The short answer to appellee's contention is that no such argument was made at the hearing below, nor did the trial judge make any such finding. The contention was not raised below and is not before us for appellate review. Rule 1085.

After the appellant had filed his motion to vacate the confessed judgment, appellee filed an affidavit in which it stated that appellant had, on May 6, 1980, told Edward F. Mayne, Sr., president of the appellee, that there was no question that he owed the principal amount claimed and if he had the money he would pay it. In response, the appellant filed an affidavit in which he stated:

1. I deny the allegations of Plaintiff's Affidavit wherein he asserts that I acknowledged the indebtedness herein; that I have never acknowledged an indebtedness to Plaintiff, nor have I ever considered that I was obligated on the promissory note herein.

2. That the promissory note herein arose out of my employment with Plaintiff; that at the time Plaintiff requested me to sign the note, he stated that it was for "bookkeeping purposes" so that it could be reflected on his financial statement, but that he never intended to enforce payment of the note.

Appellee urges that the Court of Appeals in *Bolotin v. Selis,* 212 Md. 239, 129 A.2d 130 (1957), and this Court in *Murray v. Steinmann,* 29 Md. App. 551, 349 A.2d 477 (1975), held that a motion to vacate a confessed judgment must set forth fully, in the affidavit supporting the motion, all the facts and circumstances upon which the debtor relies to support the motion to vacate. The record extract discloses that this particular issue was never raised below or decided by the trial judge. Under these circumstances the issue is not before us for appellate review. Rule 1085.

The Court of Appeals in *Stankovich v. Lehman,* 230 Md. 426, 187 A.2d 309 (1963), enunciated the standards for determining under what circumstances a judgment by confession should be vacated:

> To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact. If a meritorious defense is made out (by affidavits or testimony, [citation omitted]), the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie shows such defense, vacate the judgment to permit a trial on the merits. *Cropper v. Graves,* 216 Md. 229; *Remsburg v. Baker,* 212 Md. 465, 470; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370-371.

We conclude that appellant did *prima facie* establish that there was an actual controversy between the parties and offered a meritorious defense.

> *Order denying motion to vacate reversed.*
> *Remanded for further proceedings pursuant to this opinion.*
> *Costs to be paid by appellee.*