604 A.2d 518

**EMI EXCAVATION, INC., et al.**

**v.**

**CITIZENS BANK OF MARYLAND.**

**No. 1095, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

April 10, 1992.

James J. Fitzgibbons (Thomas H. Price, III, P.A., on the brief), Silver Spring, for appellants.

C. Edward Hartman, III (Mary K. Wood and Hartman and Crain, on the brief), Annapolis, for appellee.

Argued before ALPERT, CATHELL and DAVIS, JJ.

CATHELL, Judge.

Citizens Bank of Maryland, appellee, filed a complaint for confessed judgment in the Circuit Court for Prince George's

County against EMI Excavation, Inc. and G. David and Emily E. Broyles, appellants. After receiving notice of the entry of judgment, appellants filed a timely Motion to Vacate Confessed Judgments, which included a "Request for Hearing." The trial judge denied the motion without a hearing. This appeal resulted.

Appellants present these questions for our review:

1. Did the lower court err in failing to grant the Defendants/Appellants' request for a hearing on their Motion to Vacate Confessed Judgments, when its ruling on the Motion was dispositive of their defenses?

2. Did the defenses raised by the Defendants/Appellants' Motion to Vacate Confessed Judgments raise substantial and sufficient grounds for an actual controversy as to the merits of the case to require [the] court to vacate the confessed judgments?

The circuit court erred when it denied the motion to vacate without holding the hearing requested by appellants as required under Maryland Rule 2–311(f).[1] We shall reverse and therefore find it unnecessary to address the remaining issue. We explain.

Maryland Rule 2–311(f) provides:

A party desiring a hearing on a motion ... shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it *may not render a decision that is dispositive of a claim or*

---

[1] We have not located any confessed judgment cases involving motions to vacate in which a hearing expressly requested was denied. In all of the cases we have reviewed, a hearing was held. The cases involved dispositions on the motion after a hearing. In addition to those cases cited in the body of the opinion, other cases include *Billingsley v. Lincoln Nat'l Bank,* 271 Md. 683, 320 A.2d 34 (1974); *Suburban Properties Management, Inc. v. Johnson,* 236 Md. 455, 204 A.2d 326 (1964); *Stevens & Kendall Co., Inc. v. Headlee,* 56 Md.App. 310, 467 A.2d 794 (1983); *Young v. Mayne Realty Co., Inc.,* 48 Md.App. 662, 429 A.2d 296 (1981).

*defense* without a hearing if one was requested as provided in this section. [Emphasis added.]

The current rule on confessed judgments, Maryland Rule 2–611, does not expressly provide for a hearing when a defendant moves to vacate or open a judgment. Section (d) of this rule was patterned after former Rule 645 d which mandated a prompt hearing on a motion to vacate a confessed judgment. The current provision, however, is silent on the issue of a hearing. To determine the reason for the modification, we have examined the minutes of the Rules Committee preceding the changes which became effective July 1, 1984, and which incorporated the changes that now concern us. The minutes of the meeting of the Rules Committee held on Friday, October 16, and Saturday, October 17, 1981, contain an explanatory note attached to the new proposed rule [2] that specified:

> Section (d) follows closely the provisions of Rule 645 d. The major changes are the elimination of the requirement that there be a hearing and the elimination of the admonition that the hearing be heard promptly. *The right to a hearing will be governed by Rule 2–311 the general motions rule.* [Emphasis added.]

It is clear that it was the intention of the Rules Committee and, through the adoption of the rules, of the Court of Appeals that the provisions of Maryland Rule 2–311 as to hearings on motions would govern. That rule provides that a trial court may not render a decision on a motion which would be dispositive of a claim or a defense without a hearing "if one was requested. . . ." Thus, the critical question in this appeal becomes whether the trial court's decision to deny a motion to vacate a confessed judgment is dispositive of some claim or defense. If the answer to this question is "yes", a hearing must be held by the court in accordance with Rule 2–311.

---

**2.** It was then designated as Rule 2–602(d).

Appellee, in its argument, relies heavily on *Lowman v. Consolidated Rail Corp.*, 68 Md.App. 64, 509 A.2d 1239, *cert. denied*, 307 Md. 406, 514 A.2d 24 (1986). In *Lowman*, the trial court granted summary judgment in favor of Conrail. Thereafter, Conrail filed a motion for final judgment and the appellants filed a motion for reconsideration and a request for hearing. The court denied appellants' motion without affording them a hearing and entered final judgment pursuant to Maryland Rule 2–602 in favor of Conrail. The appellants then asserted before this Court that both of the motions were dispositive of their claim against Conrail and that the court erred when it did not hold a hearing. We held:

> The docket entries clearly reflect that the court did more than merely grant Conrail's motion for summary judgment—it also entered judgment in favor of Conrail. That judgment was dispositive of appellants' claim. By denying the motion for reconsideration, the court merely refused to change its original ruling which had disposed of appellants' claims. That ruling was not "dispositive of a claim or defense," and thus no hearing was mandated under Rule 2–311(f) even though a hearing was requested.

68 Md.App. at 75, 509 A.2d 1239. We went on to discuss the meaning of "dispositive."

> The transitive verb "to dispose," as well as the several nouns and adjectives derived therefrom, have a variety of meanings. We believe that as used in Rule 2–311(f) a *"dispositive" decision is one that conclusively settles a matter.* If the possibility that the court might reconsider or revise its decision would prevent that decision from being dispositive of a claim or defense, then even final, i.e. appealable, judgments could be said not to be dispositive, because even they may be subject to revision. We do not believe Rule 2–311(f) should be so construed.

*Id.* at 76, 509 A.2d 1239 (emphasis added, citation omitted).

Appellee argues that "[i]t is legally indistinguishable that the *Lowman* Court addressed a matter involving the entry

of summary judgment." It asserts that when the court entered the judgment of confession it was dispositive of, or "conclusively settled", this matter. Although we find *Lowman* instructive, we disagree that it is "legally indistinguishable" from the case *sub judice*. We said in *Hooke v. Equitable Credit Corp.*, 33 Md.App. 437, 441, 365 A.2d 594 (1976), *cert. denied*, 279 Md. 682 (1977), that:

> Under Rule 645 ... the judgment does not become a final enrolled judgment against a party defendant until 30 days after that party has been properly summoned and has failed to move within those 30 days to have the judgment vacated, opened or modified.

We further note that the entry of a confessed judgment is not a judicial act. Maryland Rule 2–611 provides that a confessed judgment is *pro forma* entered by the clerk. Currently, judges generally have no role in entering such judgments unless or until a motion to vacate is filed.[3] A judgment by confession may become a final judgment once enrolled, but the fact that prior to becoming enrolled it is subject to being opened, modified, or vacated by a judge, who has had no contact with the matter prior to the motion being filed, creates a situation which is far removed from that of *Lowman*.

The history of confessed judgments has shown that the "general practice ... lends itself too readily to fraud and abuse, and in this state at least such judgments 'are freely stricken out on motion *to let in defenses.*'" *Alger Petroleum, Inc. v. Spedalere*, 83 Md.App. 66, 76, 573 A.2d 423, *cert. denied*, 320 Md. 800, 580 A.2d 219 (1990) (quoting *Keiner v. Commerce Trust Co.*, 154 Md. 366, 370, 141 A. 121 (1927), quoting *Phillips v. Taylor*, 148 Md. 157, 163, 129 A. 18 (1925)) (emphasis added). Judge Bishop also opined for us in *Alger* that "[i]t is the absence of trial procedure which has prompted the Court of Appeals to recognize the disfavored status of confessed judgments...." 83 Md.App.

---

**3.** Under the previous rule, Rule 645, confessed judgments could be entered by the court.

at 74, 573 A.2d 423. The procedural rule which developed, Rule 2–611 and its predecessors, "were adopted as a method to protect the debtor. The common thread that runs throughout Maryland confessed judgment cases is the principle that ... the trial courts should be very careful to see that no improper advantage has been taken of the maker of the note...." *Alger,* 83 Md.App. at 84, 573 A.2d 423.

Rule 2–611 gives the debtor an opportunity to prove that there is some controversy on the merits. "[I]n ruling on Motions to Vacate Judgments, a judge is not the 'trier of facts' as in proceedings on the substantive merits. Rather, he must decide merely whether the facts presented ... would constitute a meritorious defense." *Shafer Bros. v. Kite,* 43 Md.App. 601, 606, 406 A.2d 673 (1979). *See generally Gelzer v. Scamoni,* 238 Md. 73, 207 A.2d 655 (1965); *Burris v. Richards,* 79 Md.App. 554, 558 A.2d 750, *cert. denied,* 317 Md. 510, 564 A.2d 1182 (1989); *Young v. Mayne Realty Co., Inc.,* 48 Md.App. 662, 429 A.2d 296 (1981). If a meritorious defense exists, the case must be reopened and a trial on the merits will be held as to those defenses raised by the debtor.

Because the debtor is given the opportunity to raise "meritorious defenses" in a motion to vacate, the prior entry of a confessed judgment does not conclusively settle the matter. When the court in the case *sub judice* declined to vacate the judgment, it essentially disposed of the appellants' defenses. The entry of the judgment had not done this because the defenses had yet to be raised.

It is true that every judgment is subject to revision and had the court been reviewing its rendering of an actual judgment on the merits against appellants, it could successfully be argued, under *Lowman,* that the court did not dispose of any claims in its denial of the motion. The motion to vacate a confessed judgment, however, does not involve the trial court reviewing its decision as to the confessed judgment. As we have said, a confessed judgment is entered as a matter of course by the clerk, not by

the judge, and at the time a motion to vacate is filed there has been no judicial determination on the merits. The sole function of the court in ruling on the motion is to determine if the debtor has a defense. Thus, it is in denying this motion that the court renders a decision that is dispositive of appellants' defenses.

We quoted favorably from a trial court's decision in *Goldstein v. Peninsula Bank,* 41 Md.App. 224, 231, 396 A.2d 542 (1979), when discussing former Rule 645: "Maryland Rule 645 d clearly contemplates an evidentiary hearing on the motion to vacate." The 1984 modification of the rule to what is now Rule 2–611(d) contemplated that the requirements for hearings would be controlled by Maryland Rule 2–311, *i.e.*, when requested an evidentiary hearing must be held on a motion to vacate a confessed judgment.

Therefore, we hold that Rule 2–311(f) requires the court to grant a request for a hearing on a motion to vacate a confessed judgment. Because the motion was denied without a hearing, we reverse.

ORDER DENYING MOTION TO VACATE IS VACATED; CASE REMANDED FOR A HEARING ON APPELLANT'S MOTION TO VACATE, COSTS TO BE PAID BY APPELLEE.