627 A.2d 64

**Christopher M. GARLISS**

v.

**KEY FEDERAL SAVINGS BANK.**

**No. 1642, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

July 7, 1993.

Edward L. Blanton, Jr., Towson, for appellant.

James Lee Katz (Marc Seldin Rosen and Marc Seldin Rosen, P.A., on the brief), Baltimore, for appellee.

Argued before MOYLAN, BLOOM and WENNER, JJ.

WENNER, Judge.

Appellant, Christopher M. Garliss (Garliss), has appealed from a judgment confessed against him in the Circuit Court for Baltimore County in favor of appellee, Key Federal Savings Bank (Key). On appeal, Garliss presents us with two

issues for resolution. We have slightly reworded the issues as follows: [1]

I. Whether the circuit court erred by denying appellant's motion to vacate judgment by confession where appellant claimed as a meritorious defense the existence of appellant's separate suit against appellee.

II. Whether the circuit court erred in denying appellant's motion to alter or amend the denial of appellant's motion to vacate judgment by confession in which appellant asserted that appellee had foreclosed and sold the mortgaged property while simultaneously pursuing the confession judgment for the entire indebtedness.

Although we perceive no error in the hearing judge's denial of Garliss's motion to vacate the judgment by confession, in view of additional facts Garliss included in his motion to alter or amend, we conclude that the hearing judge abused his discretion in denying Garliss's motion to alter or amend. Consequently, we shall reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

## FACTS

The genesis of this appeal was the formation of a partnership by Garliss and his brother, Todd, to construct for re-sale a residential dwelling on Lot 2, Southside Avenue, Stillwater Farm in Phoenix Maryland,[2] and the provisions by Key of construction financing. In order to secure the funds provided for construction, on November 21, 1989, Garliss, Todd, and Todd's wife, Ann, (collectively referred to as the Garlisses),

---

1. As presented by Garliss, the issues read as follows:
   I. Key, having elected to foreclose a mortgage securing a construction loan, which it pursued to final judgment, may not also maintain a separate legal action on the confessed judgment note.
   II. The lower court erred in denying appellant's motion to vacate a judgment entered by confession because the plaintiff had a meritorious defense asserted in a suit previously filed against the appellee.

2. This property is also known as 3605–B Southside Avenue.

executed a mortgage and mortgage note in favor of Key in the principal amount of $248,000. The mortgage and note obligated the Garlisses to make twelve monthly payments of interest only, and to repay the principal within twelve months. The mortgage note contained the following provision:

> ... the makers, endorsers and guarantors do hereby empower any attorney of any Court within the United States to appear for us, at any time after default, and confess judgment against us for the sum due with costs of suit and attorney's fee for Fifteen percent (15%) of the amount due, for collection ...

The Garlisses also entered into a trust agreement with Key, obligating Key to provide them, during construction, with scheduled sums of the principal.

After making several monthly payments, the Garlisses defaulted. As a result, Key instituted foreclosure proceedings on January 10, 1992, and confessed judgment on the mortgage note on February 3, 1992. Thus, there were two separate actions against the Garlisses seeking recovery of one indebtedness.

At the same time, Garliss had an action pending in the same court against Todd and others, seeking, among other things, an accounting and damages for misusing some of the funds secured by the mortgage and note. After Key confessed judgment against him, Garliss amended his complaint against Todd to include a claim against Key.

We shall briefly recount the foreclosure of the mortgage and the confession of judgment.

### Foreclosure of Mortgage

As we have said, Key instituted foreclosure proceedings on January 10, 1992, filing an order docketing foreclosure, the mortgage and a statement of mortgage claim indicating that Key was owed $250,955.24.[3] By an order dated February 26,

---

3. The amount of the claim was subsequently amended to include additional interest and late fees, increasing the claim to $255,814.13.

1992, the circuit court ordered that the Southside property be sold. A public sale by auction was duly advertised, and when it was conducted on March 6, 1992, Key bought the property in for $242,500.

The sale was ratified on May 21, 1992, and on August 28, 1992 Key was granted an order for judgment of possession. Subsequently, the auditor's report showed a deficiency of $25,764.89, including $4,695 for commissions; $2,842.78 in expenses; and attorney's fees of $2,500.

Garliss excepted to the auditor's report on two grounds: (1) judgment had been confessed against him by Key on the mortgage note for $288,490.31, and (2) his action against Key in 91CV74444, for having wrongfully honored checks written by Todd, was pending. Garliss contended, inter alia, that ratifying commissions and attorney's fees for foreclosing the mortgage as well as awarding attorney's fees of $37,605.69 for confessing judgment on the mortgage note was both duplicative and excessive. After a hearing, the exceptions were denied.[4]

### *Judgment By Confession*

On February 3, 1992, the clerk of the Circuit Court for Baltimore County entered judgment by confession against Garliss in the amount of $288,490.31, including principal of $242,539.16, pre-judgment interest of $8,165.46, attorney's fees of $37,605.69 and costs of $180.00. *See* Rule 2–611(a). Copies of the notice of the entry of the judgment by confession, the complaint, order, affidavit and note were served upon Garliss on February 11, 1992.

Garliss thereupon moved to vacate the judgment, asserting that he had a meritorious defense. According to Garliss, action 91CV7444 constituted a claim of set-off sufficient to eliminate Key's judgment by confession. Key responded, a

---

**4.** The hearing judge's order denying Garliss' exceptions to the auditor's report said that: "[t]his ruling is without prejudice to the right of the [Garlisses] to challenge any attempt to collect attorneys fees awarded in this Report in Case No. 91CV7444."

hearing was held on April 27, 1992, and the hearing judge denied the motion.

Garliss then moved to alter or amend the denial of his motion to vacate the judgment by confession. In his motion to alter or amend, Garliss offered additional evidence concerning the damages sought from Key in action 91CV7444. According to Garliss, Key had foreclosed the Garliss mortgage in order to recover the same obligation for which judgment had been confessed. Garliss also asserted that Key's counsel was aware of this, but had withheld it from the hearing judge.[5] Garliss's motion to alter or amend was denied on June 9, 1992, and this appeal followed.

### Garliss's action against Key

Garliss initially filed a complaint in December of 1991, designated as action 91CV7444, naming Todd and Ann Garliss, George C. Kokinos, Colette Kokinos, and Springhill Farm Development Corp., as defendants. Action 91CV7444 included a claim against Todd for breach of a partnership agreement with Garliss to construct the property on Southside Avenue. Among other things, Garliss alleged that Todd had forged Garliss's signature on checks Key had issued in accordance with the Trust Agreement.

Shortly after judgment was confessed, Garliss amended his complaint in action 91CV7444 to include a claim against Key for wrongfully honoring the forged checks. After noting the appeal *sub judice*, Garliss again amended his complaint, naming First National Bank as a defendant for having wrongfully honored the forged checks. Garliss also amended his allegations against Key, asserting that Key had failed to notify First National of the forgeries and had failed to examine the forged checks.

---

5. Judge Robert W. Cahill, Sr. presided only over Garliss's exception to the audit, while Judge Dana M. Levitz presided over Garliss's motion to vacate the judgment by confession.

## DISCUSSION

■ Both in the circuit court and again before us, Garliss asserts that, having elected to foreclose its mortgage, Key should not have been permitted to confess judgment on the mortgage note. That assertion is without merit.

Although we have no quarrel with Key's simultaneous pursuit of all of its remedies against Garliss, *See Parks v. Skipper,* 164 Md. 388, 165 A. 319 (1933); *Herring v. Citizens Bank & Trust Co.,* 21 Md.App. 517, 321 A.2d 182, *cert. denied,* 272 Md. 742 (1974), Key's failure to credit the net sums it received from the foreclosure sale against its judgment by confession troubles us. We shall explain.

■■ Rule 2–611(a) contains the procedure for confessing judgment. Confession of judgment is not a judicial act, but rather the *pro forma* entry of a judgment by the clerk of the circuit court. *EMI Excavation, Inc. v. Citizens Bank of Maryland,* 91 Md.App. 340, 604 A.2d 518, *cert. denied,* 327 Md. 523, 610 A.2d 796 (1992). Upon receiving the notice required by Rule 2–611(b), a defendant may move to open, modify or vacate a judgment by confession, offering evidence constituting a defense to the note upon which judgment was confessed. *Id. See* Rule 2–611(c).

■ Judgments by confession are not favored in Maryland, *See Alger Petroleum, Inc. v. Spedalere,* 83 Md.App. 66, 573 A.2d 423, *cert. denied,* 320 Md. 800, 580 A.2d 219 (1990), because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse. *Keiner v. Commerce Trust Co.,* 154 Md. 366, 141 A. 121 (1927). Thus, judgments by confession are freely stricken "on motion to let in defenses." *Id.,* 154 Md. at 370, 141 A. 121, *quoting, Phillips v. Taylor,* 148 Md. 157, 163, 129 A. 18 (1925).

■ Although motions to vacate or strike judgments by confession must be supported by satisfactory evidence of defenses supporting the vacation of such judgments, trial judges must assure themselves that improper advantage has

not been taken of the maker of the note. *Remsburg v. Baker,* 212 Md. 465, 129 A.2d 687 (1957).

One moving to strike a judgment by confession has the burden of presenting evidence satisfactorily supporting its purported defense, *Keiner, supra,* and the burden is met if persons of ordinary judgment and prudence could fairly draw different inferences from the evidence presented. *Williams v. Johnson,* 261 Md. 463, 276 A.2d 95 (1971). In other words, the evidence presented should be sufficient to persuade the trial court that the movant has a meritorious defense. *Shafer Brothers v. Kite,* 43 Md.App. 601, 406 A.2d 673 (1979). What constitutes a meritorious defense is a question of law. *Id.* Consequently, presenting evidence of a valid set-off constitutes a meritorious defense, requiring the judgment to be opened. *Gelzer v. Scamoni,* 238 Md. 73, 207 A.2d 655 (1965). Moreover, an assertion that the movant is entitled to a credit may well entitle the moving party to have the matter submitted to a trier of fact. *Cropper v. Graves,* 216 Md. 229, 139 A.2d 721 (1958). In any event, one against whom judgment has been confessed is given an opportunity to present whatever defense may be available. *Billingsley v. Lincoln National Bank,* 271 Md. 683, 320 A.2d 34 (1974).

In the case *sub judice,* Garliss moved to vacate the judgment confessed against him by Key, asserting that his complaint in action 91CV7444 had been recently amended to include a claim against Key, entitling him to a set-off. Nevertheless, at the hearing on his motion to vacate, Garliss was unable to produce any evidence that he had been damaged by Key's having wrongfully honored the forged checks.

In fact, when the hearing judge asked Garliss whether he was contending that the forged checks had gone to anyone other than the subcontractor, counsel for Garliss responded, "we have no idea." Thus, Garliss' motion to vacate was properly denied.

On the other hand, we believe the hearing judge erroneously denied Garliss's motion to alter or amend. In

Maryland, circuit judges are given wide discretion when called upon to revise a judgment, "lest technicality triumph over justice." *J.B. Corp. v. Fowler,* 258 Md. 432, 435, 265 A.2d 876 (1970). In the case *sub judice,* we believe neither technicality nor justice has triumphed.

■ The purpose of foreclosing a mortgage is to satisfy the debt secured by the mortgage. M.L.E. Mortgages, § 302. *See also Rollins v. Bravos,* 80 Md.App. 617, 565 A.2d 382 (1989). When, as was the case here, a mortgagee holds a mortgage and a note securing the debt, upon foreclosure of the mortgage, both the mortgage and the note should be satisfied to the extent of the net sums mortgagee receives from the foreclosure sale. *See* 59 C.J.S. Mortgages, § 463. Consequently, Key's judgment by confession should be reduced by the net sums Key received from the foreclosure sale.

According to Key, the net sum it received from the foreclosure sale had no effect on its judgment by confession, since Key was entitled only to the amount of the debt due it secured by the mortgage. While that is true, we think Key has missed the point.

In his motion to alter or amend, Garliss informed the court of the foreclosure and sought a re-hearing to establish the amount now due Key on its judgment by confession. In other words, Garliss's motion raised the question of whether Key's judgment against him by confession was partially satisfied by the net proceeds Key received from foreclosing its mortgage. For that reason, we believe that Garliss's motion should have alerted the hearing judge that Garliss was entitled to a credit against Key's judgment by confession. Moreover, we believe that if Garliss is allowed such a credit attorney's fees for confessing judgment on the mortgage note should be substantially reduced.

Garliss's motion to alter or amend also asserted that counsel for Key had withheld from the hearing judge evidence of the foreclosure during the hearing on Garliss's motion to vacate the judgment. While we see nothing in the record before us to support that bald assertion, we are nonetheless troubled by

it, for we fear that, if so, counsel withheld that information in order to receive the entire attorney's fees permitted by having confessed judgment on the mortgage note. If that be the case, confessing judgment on the mortgage note after foreclosing the mortgage securing the same debt would constitute an unfair method of saddling Garliss with additional attorney's fees. In any case, we believe that the net proceeds Key received from the foreclosure sale should be credited against Key's judgment by confession.

Under the circumstances, the hearing judge should satisfy himself that improper advantage was not taken of Garliss for having executed both a mortgage and a mortgage note containing a provision permitting Key to confess judgment on the note, in addition to foreclosing the mortgage. Therefore, we vacate the judgment and we remand the case for further proceedings.

On remand, Garliss should be permitted to produce evidence of the net amount realized by Key from the foreclosure sale, and that amount should be credited against Key's judgment by confession as well as against the balance due on the mortgage, so that counsel for Key receive no more than 15% of the net balance calculated to be due on the judgment by confession, after deducting the amount paid as a result of the mortgage foreclosure. In so directing the court, we are not to be considered as criticizing the hearing judge. We are well aware that the circumstances of this case are unusual and that such circumstances have not heretofore been addressed either by us or by the Court of Appeals. We trust that this case neither exemplifies nor foreshadows future tactics by counsel for lenders, seeking to obtain additional attorney's fees by confessing judgment on a mortgage note while foreclosing on the mortgage. If so, we wish to make our disapproval known.

**JUDGMENT VACATED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**