# PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

CHARLES WILLIAM McHAN,
    *Defendant-Appellant.*

No. 03-7781

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Richard L. Voorhees, District Judge.
(CR-90-41-B)

Argued: September 30, 2004

Decided: October 22, 2004

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by published opinion. Judge Luttig wrote the opinion, in which Judge Widener and Judge Niemeyer concurred.

## COUNSEL

**ARGUED:** David Benjamin Smith, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. B. Frederic Williams, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

## OPINION

LUTTIG, Circuit Judge:

Appellant Charles William McHan appeals from the district court's denial of his motion, filed pursuant to title 18, section 3582(c)(2) of the United States Code, seeking resentencing under Amendment 645 of the United States Sentencing Guidelines. Because we hold that resentencing under Amendment 645 is not available on a section 3582(c)(2) motion, we affirm. We further hold that McHan's resentencing claim cannot form the basis of a successive habeas petition pursuant to title 28, section 2255 of the United States Code and, accordingly, dismiss his appeal.

### I.

In 1988, McHan pled guilty to conspiring to distribute marijuana and was sentenced to 63 months imprisonment. *United States* v. *McHan*, 101 F.3d 1027, 1031-33 (4th Cir. 1996). McHan was subsequently convicted in 1992 of a separate — but related — continuing criminal enterprise (CCE) charge and various narcotics and tax offenses. *Id.* Indeed, McHan's 1988 guilty plea "served as predicate conduct" for the CCE conviction. *Id.* at 1039. The district court did not sentence McHan for his 1992 conviction until 1994, after he had completed serving the 63 month sentence for his 1988 conviction. *Id.* at 1033. Pursuant to section 5G1.3 of the United States Sentencing Guidelines, "Imposition of A Sentence on a Defendant Subject to an *Undischarged* Term of Imprisonment," the district court reduced McHan's CCE sentence by 56 months to credit McHan for a portion of the time he had served for his prior, related conviction. *Id.* On appeal, McHan's conviction was affirmed, *id.* at 1043, while the downward departure was reversed on the grounds that 5G1.3 did not apply to McHan's sentence because his 1988 term of imprisonment had been *discharged* (i.e., he had finished serving his sentence). *Id.* at 1039-40.

In 2002, and with express reference to *McHan*, the Sentencing Commission amended the commentary to section 5G1.3 (Amendment 645) to explain that a downward departure based on a discharged sentence was permissible under that section. U.S.S.G. § 5G1.3, Applica-

tion Note 7. McHan, who had already unsuccessfully pursued post-conviction relief under section 2255, *United States* v. *McHan*, 14 Fed. Appx. 297 (4th Cir. 2002), filed a motion in the district court pursuant to section 3582(c)(2) seeking resentencing under Amendment 645. The district court denied McHan's motion, and this appeal followed.

## II.

The district court denied McHan's motion on the ground that Amendment 645 is "substantive" rather than "clarifying" and therefore cannot be applied retroactively. J.A. 141; *see also United States* v. *Capers*, 61 F.3d 1100, 1109-10 (4th Cir. 1995). We do not reach the question of whether Amendment 645 is substantive or clarifying, however, because we hold that, irrespective of the character of Amendment 645, McHan is not eligible for resentencing *pursuant to a section 3582 motion* because the Sentencing Commission has not authorized resentencing under that Amendment.

Section 3582(c)(2) provides that a "modification of an imposed term of imprisonment" is permissible for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." The applicable policy statement provides as follows:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (c) below*, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

U.S.S.G. § 1B1.10(a) (emphasis added). Amendment 645 is not listed in section 1B1.10(c) and therefore may not be applied retroactively on a section 3582 motion. *See United States* v. *Armstrong*, 347 F.3d 905, 909 (5th Cir. 2003) ("We agree with several of our sister circuits

[2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied *solely where expressly listed under § 1B1.10(c)*." (emphasis added)).

Appellant nonetheless maintains that he is entitled to review on the merits, namely on the question of whether Amendment 645 is substantive or clarifying, because the government did not raise before the district court the aforementioned impediment to relief under section 1B1.10. *Appellant's Reply Br.* at 2. But, contrary to McHan's representation, in opposing McHan's motion before the district court the government specifically argued that "Amendment 645 [is not] one of the amendments specifically listed in U.S.S.G. § 1B1.10(c) that authorizes a 'reduction in the defendant's term of imprisonment' as a 'result of an amended guideline range.'" J.A. 134. In any event, "[w]e are, of course, entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." *Scott* v. *United States*, 328 F.3d 132, 137 (4th Cir. 2003).

Nor would McHan be entitled to relief if we recharacterized his plea for relief as a motion filed under section 2255. As noted above, McHan has already unsuccessfully pursued a section 2255 motion and, as even he appears to concede, his resentencing claim is not cognizable on a successive motion under that provision because it does not relate to "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255; *Appellant's Reply Br.* at 2 ("McHan plainly could not get through the incredibly narrow window for certification under § 2244.").

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*