UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1009**

———————

CHOICE HOTELS INTERNATIONAL, INCORPORATED, a
Delaware corporation,

Plaintiff - Appellee,

versus

SONORA SUN MANAGEMENT LIMITED PARTNERSHIP,
L.L.P., a/k/a Sonora Sun Management, L.L.P.,
an Arizona limited liability partnership;
HUMBERTO LOPEZ; GLENN TOYOSHIMO,

Defendants - Appellants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(CA-04-1825-8-AW)

———————

Argued: December 1, 2005          Decided: January 19, 2006

———————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion. Judge Williams wrote
a separate concurring opinion.

———————

**ARGUED:** Steven K. White, STINSON, MORRISON & HECKER, L.L.P.,
Washington, D.C., for Appellants. Kerry Shanahan McGeever, CHOICE
HOTELS INTERNATIONAL, INCORPORATED, Silver Spring, Maryland, for
Appellee. **ON BRIEF:** Robert L. (Bo) Eskay, Jr., STINSON, MORRISON
& HECKER, L.L.P., Washington, D.C., for Appellants.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The district court entered a confession of judgment in favor of Choice Hotels International, Inc. ("Choice") and against Sonora Sun Management Limited Partnership, L.L.P., Humberto Lopez, and Glenn Toyoshimo (collectively referred to as "the defendants"). The defendants moved the district court to open, modify, or vacate the confession of judgment. The district court denied this motion,[1] and the defendants now appeal. We affirm.

I.

In September 2003, the defendants entered into a Franchise Agreement with Choice allowing them to operate their hotel property in Yuma, Arizona, as a Clarion Suites, which is part of the Choice line of hotels. In conjunction with the Franchise Agreement, the defendants executed a Minority Developer Incentive Program Promissory Note in exchange for Choice's agreement to lend the defendants $100,000 to be used by the defendants for any purpose related to the Yuma property. The Note was to mature at the end of ten years, but Choice agreed to forgive the entire amount of the

---

[1]The defendants also filed a Notice Clarifying Citation to Evidence in Oral Argument and a Motion to Amend Judgment. In both of these filings, the defendants attempted to augment their arguments or assert new facts. While the district court ruled against the defendants in both instances, we have considered the arguments and facts advanced in these documents and find that they do not preclude our affirmance of the district court's judgment.

loan if the defendants did not default during the entire ten year term of the Note. If, however, the defendants defaulted, the Note provided that Choice would be entitled to obtain a confession of judgment against the defendants for the remaining balance of the debt. The Note included as an event of default "if the CLARION SUITES franchise agreement . . . between [Choice] and [the defendants] is terminated or is otherwise rendered ineffective." J.A. 40.

Less than six months after entering into the Franchise Agreement and executing the Promissory Note, the defendants began negotiating the sale of the Yuma property to Young Lim, another Choice franchisee. Choice was notified of the potential sale and offered Lim a new Franchise Agreement relating to the defendants' Yuma property. The proposed Franchise Agreement between Choice and Lim differed from the Franchise Agreement between Choice and the defendants in that the proposed Franchise Agreement to Lim provided for the payment of an affiliation fee of $48,900 and higher royalty fees throughout the duration of the new Franchise Agreement. Lim paid the required affiliation fee and executed the new Franchise Agreement on May 10, 2004. Two weeks later, the defendants closed on their sale of the Yuma property to Lim.

Soon after the sale, Choice filed a complaint for confession of judgment against the defendants, alleging that the Promissory Note was in default "[d]ue to the termination of the Franchise

4

Agreement." J.A. 7. The district court entered judgment in favor of Choice.

The defendants thereafter moved the district court to open, modify, or vacate the judgment. Choice argued two independent grounds in opposition to the defendants' motion: (1) the defendants were in default because their Franchise Agreement terminated; or (2) the defendants were in default because they transferred the Yuma property without Choice's prior written consent. Although the district court ruled that there was a question of fact regarding whether the defendants' Franchise Agreement actually terminated, the district court agreed with Choice that the defendants were in default because they did not receive prior written consent from Choice to transfer the Yuma property to Lim. The defendants now appeal.

II.

The defendants argue that the district court erred by denying their motion to vacate the confessed judgment in favor of Choice. We disagree.

The parties agree that their dispute is governed by Maryland law. Under Maryland law, a confessed judgment must be vacated if the debtor presents evidence "sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of

5

the case." Billingsley v. Lincoln Nat'l Bank, 320 A.2d 34, 37 (Md. 1974) (citation omitted); see D. Md. Local R. 108(e) ("If the evidence presented establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the Court shall order the judgment by confession vacated, opened, or modified"). The debtor who moves to vacate a confession of judgment "has the burden of presenting evidence satisfactorily supporting its purported defense, and the burden is met if persons of ordinary judgment and prudence could fairly draw different inferences from the evidence presented." Garliss v. Key Fed. Sav. Bank, 627 A.2d 64, 68 (Md. Ct. Spec. App. 1993) (citations omitted). Confessions of judgment are generally disfavored in Maryland because of their potential for abuse. Id.

After reviewing the evidence, we conclude that the defendants have failed to present evidence establishing that a substantial and sufficient ground for a meritorious defense exists. The Promissory Note provides that the unpaid balance becomes due if the Franchise Agreement between the defendants and Choice "is terminated or is otherwise rendered ineffective." J.A. 40. The defendants have failed to present any evidence suggesting that their Franchise Agreement with Choice was not terminated or was not rendered ineffective. The undisputed evidence shows that Choice negotiated a separate Franchise Agreement with Lim, the new owner of the Yuma property, and that this new Franchise Agreement is now in effect in

6

place of the defendants' Franchise Agreement. Although the defendants argue that they effectively assigned their Franchise Agreement to Lim, there is no evidence that they assigned their rights and obligations under their Franchise Agreement to Lim. To the contrary, the only evidence is that Choice negotiated a separate Franchise Agreement with Lim containing different terms, which necessarily terminated or rendered ineffective the defendants' Franchise Agreement when Lim's new Agreement took effect.[2]

## III.

Because we conclude that the defendants have failed to present sufficient evidence showing that they have a meritorious defense to the confession of judgment, we affirm the judgment of the district court.

<u>AFFIRMED</u>

---

[2]Although the district court ruled in favor of Choice on a different ground, we may affirm on any basis appearing in the record. <u>See</u> <u>United States v. McHan</u>, 386 F.3d 620, 623 (4th Cir. 2004).

7

WILLIAMS, Circuit Judge, concurring:

Because I agree that Choice's entry into a franchise agreement with Lim "rendered ineffective" its franchise agreement with Sonora, I concur in the judgment.