**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1686**

DEBORAH RILEY,

               Plaintiff - Appellant,

     v.

HONEYWELL TECHNOLOGY SOLUTIONS, INCORPORATED,

               Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District
Judge.  (1:05-cv-02426-BEL)

Submitted:  April 16, 2009        Decided:  April 20, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Patrick, Anjuma Goswami, PATRICK HENRY LLP,
Annandale, Virginia, for Appellant.  Rafael E. Morell, OGLETREE,
DEAKINS, NASH, SMOAK & STEWART, P.C., Washington, D.C., for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Riley, an African-American female, appeals the district court's order granting summary judgment in favor of Honeywell Technology Solutions, Inc. ("HTSI") and dismissing her civil action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"), and 42 U.S.C. § 1981 (2006). Riley, a financial manager employed by HTSI from August 2001 until her resignation in March 2004, alleged that HTSI unlawfully discriminated and retaliated against her on the basis of race when she was not promoted in 2003 to a position as a Business Manager, and with respect to her wages.[1]

Our review of the record and the district court's opinion discloses that this appeal is without merit. The familiar burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Riley's claims. We find the district court properly determined that Riley failed to establish pretext for HTSI's legitimate, nondiscriminatory reasons for selecting Lisa Heins, a Caucasian female, for the position at issue. See Texas Dep't of Community Affairs v.

---

[1] As Riley has not appealed the additional bases for the district court's dismissal of these and other claims raised in her civil action, those claims are not properly before this court for review.

Burdine, 450 U.S. 248, 253 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). Specifically, while Riley admitted under oath that she had no experience dealing with customers, HTSI established that such experience was "critical" to the position, and that Heins possessed this experience. Moreover, the purported "inconsistencies" alleged by Riley in HTSI's selection process were insufficient to establish pretext, both because there was utterly no evidence of racial animus in the selection process or hiring decision, and because such "inconsistencies," even assuming they existed, do not undercut the fact that Heins was the best qualified for the position.[2] See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (citing Burdine, 450 U.S. at 258-59). We find that there is no evidence that those who selected and/or hired Heins were motivated by any desire other than to select the candidate they felt was the best suited for the position. Because Riley failed

---

[2] Riley's self-serving contentions that there were differences in evaluation, inconsistencies in the identity of the hiring individual, and that Heins was preselected, were properly discounted by the district court as having no viable evidentiary support and as being insufficient as a matter of law to establish pretext. See e.g., Smith v. University of N. Carolina, 632 F.2d 316, 346 (4th Cir. 1980).

3

to establish pretext, we find that the district court did not improvidently grant summary judgment to HTSI.[3]

Riley's final claim on appeal is that the district court erred in dismissing her wage discrimination claim. We find that, after fully considering the evidence Riley submitted, the court properly determined that the differences in job responsibilities, duties, and experience between Riley and Heins plainly were adequate to justify the minimal difference in their wages.

Accordingly, we affirm the district court's order granting HTSI's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3] Riley's retaliation claims regarding her 2002 bonus and the 2003 failure to promote also were properly rejected by the district court on the grounds of temporal proximity, the absence of other evidence of retaliatory animus, <u>see</u> <u>e.g.</u>, <u>Causey v. Balog</u>, 162 F.3d 795, 803 (4th Cir. 1998), and because HTSI had legitimate, nondiscriminatory reasons for its promotion decision.