**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7790**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

WALTER DUANE WHITE,

             Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.   (1:05-cr-00050-IMK-JES-6)

**No. 09-2136**

In Re:  WALTER DUANE WHITE,

             Petitioner.

On Petition for Writ of Mandamus.   (1:05-cr-00050-IMK-JES)

Submitted:  April 7, 2010            Decided:  April 29, 2010

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

No. 09-7790 affirmed; No. 09-2136 petition denied by unpublished per curiam opinion.

————————

Walter Duane White, Appellant Pro Se.  Shawn Angus Morgan, Zelda Elizabeth Wesley, Assistant United States Attorneys, Clarksburg, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 2, 2005, Walter White pled guilty to distribution of heroin and was sentenced to 100 months' imprisonment. On July 22, 2009, he filed a motion to "correct" his sentence based on Amendment 709 to the United States Sentencing Guidelines, which became effective on November 1, 2007.[*] On July 29, 2009, the district court denied White's motion on the grounds that Amendment 709 was not made retroactively applicable; thus, it could not serve as a basis for reducing his 2005 sentence. White appealed the district court's order. He also filed a petition for mandamus requesting that this court direct the district court to reduce his sentence pursuant to Amendment 709.

This court reviews rulings on § 3582(c)(2) motions for abuse of discretion. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). "A district court abuses its discretion if it . . . bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (citing James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)). Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been

---

[*] Amendment 709 alters the computation of criminal history points for multiple prior related sentences and certain misdemeanors and petty offenses. See USSG App. C Amend. 709.

3

sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. See 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10(c), p.s.

Here, it is clear that Amendment 709 was not made retroactively applicable. See USSG § 1B1.10(c), p.s. (2008); see also United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004). Accordingly, the district court did not err in denying White's § 3582 motion.

As for White's suggestion that he is entitled mandamus relief, we note that it is a drastic remedy that is to be used only in extraordinary circumstances. See, e.g., Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus may not be used as a substitute for appeal. See In re Lockheed Martin Corp., 503 F.3d 351, 353 (4th Cir. 2007).

Here, White is clearly using mandamus as a substitute for and/or supplement to his appeal. Moreover, White has failed to show that he is clearly and indisputably entitled to a

4

sentence reduction under § 3582.  As stated above, Amendment 709 was not made retroactively applicable.

Accordingly, we affirm the district court's judgment in No. 09-7790, deny White's petition for mandamus relief in No. 09-2136, and deny White's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 09-7790 <u>AFFIRMED</u>
No. 09-2136 <u>PETITION DENIED</u>