**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1604**

_____

CHERRIE HAYWOOD; THERESA L. WILLIAMS; KATHY L. NELSON;
KAREN SMITH; MARIAN E. DAY; TUSHOMBE A. STOKES; DESHAWN D.
DURHAM; ROXANNE RAWLS; ELEANOR KURTZ; JOHN DILL,

Plaintiffs - Appellants,

v.

GARY LOCKE, Secretary, United States Department of Commerce,
United States Patent and Trademark Office,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (1:08-cv-00981-GBL-JFA)

_____

Argued: May 12, 2010                    Decided: July 6, 2010

_____

Before TRAXLER, Chief Judge, MOTZ, Circuit Judge, and Arthur L.
Alarcón, Senior Circuit Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Robert L. Bell, BELL LAW FIRM, Washington, D.C., for
Appellants. Bernard G. Kim, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Dana J.
Boente, United States Attorney, Kevin J. Mikolashek, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiffs in this case ("the Haywood Group") are ten current and former employees of the United States Patent and Trademark Office of Initial Patent Examination ("OIPE"). They claim they were unlawfully discriminated against on the basis of race and gender[1] in the denial of an "accretion-of-duties" promotion. The district court found the Haywood Group did not establish a prima facie case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e et seq. (West 2000) ("Title VII"), or the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A § 621 et seq. (West 2008) ("ADEA"), or rebut the U.S. Patent and Trademark Office's ("USPTO") nondiscriminatory explanation for its failure to promote the plaintiffs in accordance with the burden-shifting rules established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Additionally, the members of the Haywood Group alleged they were subjected to an unconstitutional hostile work environment in violation of their Fifth Amendment rights to due process and equal protection under the law. The district court dismissed the Haywood Group's constitutional claims for lack of subject matter jurisdiction, and, in the

---

[1] Eight of the ten plaintiffs are black females, one plaintiff is a Caucasian female, and the final plaintiff is a black male.

3

alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  We agree with the district court that the plaintiffs failed to establish a prima facie case of discrimination and affirm the grant of partial summary judgment on that basis.  Because of this ruling we need not reach the question of pretext.  We also affirm the district court's dismissal of the Haywood Group's constitutional claims.

I.

The Haywood Group consists of ten current and former employees of the OIPE.  OIPE receives incoming patent applications and screens them before forwarding them to the appropriate Patent Technology Center for examination.  Around 2000 the OIPE underwent a reorganization that implemented a new automated patent application processing system.  Many functions previously performed by federal employees were transferred to contract personnel and the automated system.  As a result, a number of the OIPE's Legal Instrument Examiners ("LIEs") were reassigned to various Patent Technology Centers.  However, a group of LIEs, including the Haywood Group, stayed within the department and were temporarily promoted to "Lead LIEs" that summer in order to help contract personnel transition into the duties originally performed by the LIEs prior to reorganization. The temporary promotion to Lead LIE meant an increase in pay

4

grade from GS-7 to GS-8. The primary operational difference between the LIE position and the Lead LIE position was that the Lead LIEs performed supervisory functions over a group of at least three LIEs.

The temporary promotion of each employee to Lead LIE was supposed to terminate at the end of one year; however, plaintiffs' third-line supervisor and the director of OIPE, Thomas Koontz, persuaded the USPTO to extend and renew the temporary promotions for an additional year. Later, around July 2002, all of the temporary GS-8 Lead LIEs were informed that their temporary positions would expire in August and they would return to their original GS-7 pay grade. At that time, plaintiffs sought accretion-of-duties promotions[2] to maintain their GS-8 pay grade. In response, the USPTO's Office of Human Resources ("OHR") conducted a desk audit of plaintiffs' work tasks to determine whether such a promotion was warranted. A desk audit is an evaluation used by OHR, according to standards developed by the United States Office of Personnel Management, to determine if employees are being paid fairly for the duties

---

[2] An accretion-of-duties promotion is a "promotion resulting from an employee's position being classified at a higher grade because of additional duties and responsibilities." 5 C.F.R. § 335.103(c)(3)(ii) (2009). This type of promotion allows employees to obtain a higher GS level without having to go through the competitive process. See id. § 335.103(c)(3) (2009).

they actually perform. OHR determined after the desk audits that the plaintiffs' positions were appropriately categorized within the GS-7 pay grade. The Haywood Group then filed a claim of discrimination. Upon investigation, USPTO's Office of Civil Rights and the EEOC found no discrimination and issued a right to sue letter.

Thereafter, in September 2008, the plaintiffs filed their complaint against Carlos Gutierrez, United States Department of Commerce Secretary,[3] in the United States District Court, Eastern District of Virginia, alleging constitutional violations and race and gender discrimination in violation of Title VII and the ADEA. After discovery, the defendant moved for partial summary judgment as to plaintiffs' discrimination claims. The district court concluded the plaintiffs failed to show they were treated differently than a similarly situated employee and therefore could not establish a prima facie case of discrimination. Haywood v. Gutierrez, 2009 WL 1208111, at *6 (E.D. Va. Apr. 30, 2009). The district court granted the motion for partial summary judgment on that basis and, in the alternative, found the plaintiffs also failed to show defendant's nondiscriminatory reason for denying the promotion was pretextual. Id. at *8.

---

[3] Gary Locke, the current Secretary of Commerce, is automatically substituted for former Secretary Gutierrez as the defendant-appellee to this action. Fed. R. App. P. 43(c)(2).

6

Additionally, the court granted defendant's partial motion for dismissal of the remaining claims, holding that the plaintiffs' constitutional claims failed under Federal Rule of Civil Procedure 12(b)(1) and, alternatively, under Rule 12(b)(6) because the United States did not waive its sovereign immunity and the plaintiffs could not bring Bivens claims against an agent of the federal government in his official capacity. Id. at *9; see Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); FDIC v. Meyer, 510 U.S. 471 (1994).

## II.

The court reviews the district court's grant of summary judgment de novo. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004). A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 47 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)(2)).

To establish a prima facie case of discrimination in the failure-to-promote context, the Haywood Group must show that they are members of a protected class who applied for a promotion for which they were qualified, and were denied the promotion despite their qualifications, under circumstances that give rise to an inference of discrimination. Tex. Dep't. of

7

Comty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas Corp., 411 U.S. at 802. Plaintiffs argued below that the OIPE subjected them to discriminatory treatment on the basis of race while making promotion determinations by treating a similarly situated white employee ("comparator") in a substantially different and more favorable manner than they were treated.

In appealing the district court's grant of summary judgment, plaintiffs argue the district court erred in finding their comparator's position and job duties were substantially different from theirs and hence that the comparator was not similarly situated. Plaintiffs are not required as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim. Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 545 (4th Cir. 2003). However, in this case, the plaintiffs have based their allegations completely upon a comparison to an employee from a non-protected class, and therefore the validity of their prima facie case depends upon whether that comparator is indeed similarly situated. Burdine, 450 U.S. at 258 (citing McDonnell Douglas, 411 U.S. at 804) ("[I]t is the plaintiff's task to demonstrate that similarly situated employees were not treated equally.")

Accordingly, plaintiffs are required to show that they are similar in all relevant respects to their comparator. Mitchell

8

v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1982); Smith v. Stratus Computer, Inc., 40 F.3d 11, 17 (1st Cir. 1994) (citing The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989)). Such a showing would include evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Mitchell, 964 F.2d at 583.

Plaintiffs identified Kevin Little, a white male, as their comparator. Little, another OIPE employee, applied for an accretion-of-duties promotion in 2000. In June 2000, OHR determined Little's position and duties warranted a promotion. Subsequently, Koontz submitted the appropriate form to personnel in support of Little's application. The promotion was approved and went into effect in July 2000.

The plaintiffs contend Little and the members of the Haywood Group were similarly situated because they both performed increased duties at a higher grade level over a substantial period of time. They argue "that a disparate application of the accretion-of-duties criterion resulted in Mr. Little receiving the same type of promotion denied plaintiffs." Haywood, 2009 WL 1208111, at *6. However, the performance of additional work-related duties is not the only relevant factor.

9

After considering the nature of their respective job duties and positions within the USPTO, we agree with the district court that the named comparator was actually quite dissimilar to the members of the Haywood Group. Little's position, management and program analyst, belonged to a separate Office of Personnel Management job family and series than the position of LIE, which fell within the Legal Instruments Examiner Series and Legal and Kindred Group job family. While Little was responsible for program management, development, and execution of automated systems within OIPE, as well as coordination with government contractors and various departments, LIEs primarily processed patent applications and reviewed the work of contractors involved in pre-examination processing. Little's position, prior to his promotion, was six grades above the LIEs. Koontz was Little's immediate supervisor, but Koontz, as Director of OIPE, was three managerial levels above the LIEs and Lead LIEs. Though a comparator need not be an exact match, the only similarities between Little and the Haywood Group plaintiffs are that they all worked for the USPTO in the early 2000s and applied for accretion-of-duties promotions. This is simply not enough. There are by no means "enough common features between the individuals to allow [for] a meaningful comparison." Humphries v. CBOCS West, Inc., 474 F.3d 387, 405 (7th Cir. 2007), aff'd on other grounds, 553 U.S. 442 (2008).

10

As the Haywood Group failed to show their comparator was similarly situated, they failed to make out a prima facie case of discrimination. Because the Haywood Group cannot establish a prima facie case of discrimination, the district court properly granted summary judgment to the defendant.

III.

The Haywood Group also argues the district court erred in dismissing its due process claims for lack of subject matter jurisdiction, and, in the alternative, for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(1), (b)(6). In Count V of their complaint, the Haywood Group alleged they were subjected to an unconstitutional hostile work environment in violation of their Fifth Amendment rights to due process and equal protection under the law. The district court found the plaintiffs could not obtain a damages award against the defendant as an agency official in his official capacity under FDIC v. Meyer, 510 U.S. 471, 73 (1994). See also Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Because the plaintiffs were suing the United States, through the Commerce Secretary, named in his official capacity and, because the United States did not waive its sovereign immunity, the district court found it had no subject matter jurisdiction to hear plaintiffs' constitutional claims.

11

Nevertheless, no matter how the plaintiffs try to characterize their Fifth Amendment claims, the claims are premised on the assertion that the plaintiffs were intentionally discriminated against in their employment because of race and gender. As explained by this Court in Middlebrooks v. Leavitt, Title VII provides plaintiffs' exclusive remedy. 525 F.3d 341, 349 (4th Cir. 2008) (holding that if an employee has a cognizable claim against federal officials under Title VII, then Title VII is his exclusive remedy for intentional discrimination in employment). Because the United States has clearly waived its sovereign immunity as to Title VII claims, see 42 U.S.C.A. § 2000e-16, the district court had subject matter jurisdiction over what were merely Title VII claims dressed in constitutional language. However, as we have previously held, plaintiffs' Title VII claims fail on the merits. Accordingly, we affirm the district court's dismissal of Count V of plaintiffs' complaint.[4]

IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

---

[4] Although the district court ruled in favor of the defendant on a different ground, we may affirm on any basis appearing in the record. See United States v. McHan, 386 F.3d 620, 623 (4th Cir. 2004).