**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY BARNES,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:06-cr-00178-PJM-1)

Submitted:  November 22, 2011      Decided:  December 13, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, David I. Salem, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Barnes appeals his eighty-four month sentence following a guilty plea for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). On appeal, Barnes argues that neither his prior Maryland conviction for assault with intent to disable nor his 1974 robbery conviction should be considered predicate offenses under the career offender enhancement of the advisory sentencing guidelines. Finding no reversible error, we affirm.

Pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2010), a defendant is designated a career offender if: (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). We review de novo whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement. United States v. Clay, 627 F.3d 959, 964 (4th Cir. 2010).

In assessing whether an offense constitutes a crime of violence for purposes of the career offender enhancement, we employ either of two analyses—the "categorical" approach or the "modified categorical" approach. Id. at 966. Under the categorical approach, this court "looks to the words of the statute and judicial decisions interpreting it, rather than to the conduct of any particular defendant convicted of the crime." Taylor v. United States, 495 U.S. 575, 602 (1990). However, "where it is evident from the statutory definition of the state crime that some violations of the statute are crimes of violence and others are not," we apply the modified categorical approach. United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). In applying the modified categorical approach, we look "to the terms of the charging document and, if necessary in a nonjury case, to the terms of a plea agreement, [as well as] the transcript of colloquy between judge and defendant." Id.

Barnes first contends that the district court erroneously found his Maryland conviction for assault with intent to disable categorically a "crime of violence." The now-repealed Maryland statute, captioned "Unlawful Shooting,

3

Stabbing, Assaulting, etc., with Intent to Maim, Disfigure or Disable or to Prevent Lawful Apprehension," read:

> If any person shall unlawfully shoot at any person, or shall in any manner unlawfully and maliciously attempt to discharge any kind of loaded arms at any person, or shall unlawfully and maliciously stab, cut or wound any person, or shall assault or beat any person, with intent to maim, disfigure or disable such person, or with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender, and every person counseling, aiding or abetting such offender shall be guilty of a felony and, upon conviction are subject to imprisonment for not more than 15 years.

Md. Code Ann., art. 27, § 386 (1957, 1982 Repl.)(emphases added). Barnes argues that, contrary to the district court's approach, the categorical approach is inapplicable because on its face, the statute proscribes both violent and non-violent conduct. Specifically, Barnes contends that assault with intent to avoid apprehension (as described in the above highlighted portion of the former statute) would not require an offender to harbor an injurious intent posing a "serious potential risk of physical injury to another" or involving "the use or attempted use of physical force against the person of another."

We need not determine whether the district court erred in applying the categorical approach, however, because, contrary to Barnes's contention, even applying the modified categorical approach, his conviction would nonetheless qualify as a career offender predicate. Under the modified categorical analysis, we

4

look to Barnes's indictment before the Circuit Court for Prince George's County, which charges that Barnes "maliciously assault[ed] Beverly Barnes with intent to disable." See Johnson v. United States, 130 S. Ct. 1265, 1273 (2010) (court may determine which statutory phrase was the basis for conviction by consulting the charging documents). Further, the Circuit Court Sentencing and Conviction Order establishes that Barnes pled guilty to the first count of the indictment—assault with the intent to disable. Thus, the record unambiguously establishes that Barnes's offense of conviction within the broader Maryland statute constitutes a crime of violence. See Ford v. State, 330 Md. 682, 702 (1993) (defining assault with intent to disable as an assault with the "specific intent to permanently maim, disfigure, or disable the victim"); see also Hammond v. State, 322 Md. 451, 457-59 (1991). Assault with intent to disable clearly involves both "the use, attempted use, or threatened use of physical force against the person of another," and, as well, its commission poses a "serious potential risk of physical injury to another." Therefore, Barnes's assault with intent to disable conviction qualifies as a career offender predicate under the modified categorical approach. See United States v. McHan, 386 F.3d 620, 623 (4th Cir. 2004) (observing that this court "[is] entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the

district court") (internal quotation and citation omitted)); United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) (same).

Barnes next contends that the district court erred in enhancing his sentence as a career offender based upon his 1974 robbery conviction. To qualify as a career offender predicate, a sentence following a conviction for a crime of violence must have been "imposed within fifteen years of the defendant's commencement of the instant offense" or "whenever imposed, [must have] resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG § 4A1.2(e)(1). We have reviewed the testimony and documents presented at sentencing and find sufficient evidence that a portion of Barnes's sentence following his 1974 robbery conviction was served within fifteen years of the instant offense, thereby qualifying as a career offender predicate. Barnes does not dispute the accuracy of these records in his reply brief on appeal, and we find no error in the district court's finding in this regard.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6