**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-2343**

———————————

ERIC KELLEY,

        Plaintiff - Appellant,

     v.

UNITED PARCEL SERVICE, INC.,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cv-01420-RBH)

———————————

Submitted:  May 31, 2013          Decided:  June 11, 2013

———————————

Before DUNCAN, DAVIS, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

George A. Harper, GEORGE A. HARPER LAW OFFICE, Columbia, South
Carolina, for Appellant.   Charles A. Gartland, II, ALSTON &
BIRD, LLP, Washington, DC; Susan P. McWilliams, NEXSEN PRUET,
LLC, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Kelley appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of United Parcel Service, Inc. ("UPS"), on Kelley's claim that his termination was motivated by racial discrimination in violation of Title VII of the Civil Rights Act of 1964. We affirm.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Because Kelley did not produce direct evidence that his termination was motivated by racial discrimination, Kelley had to show a prima facie case of discrimination under the

2

burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc).  Under the McDonnell Douglas framework, to establish a prima facie case of discrimination, a plaintiff must show:  "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."  Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).  In the employee discipline context, a prima facie case of discrimination is established if the plaintiff shows that he "engaged in prohibited conduct similar to that of a person of another race . . . and . . . that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person."  Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir. 1985) (adapting McDonnell Douglas framework to employee discipline context).

If the employee makes this showing, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action."  Hill, 354 F.3d at 285.  If the employer provides evidence of a nondiscriminatory reason for its action, the presumption of discrimination is rebutted, and the employee, who bears the ultimate burden of

persuasion, must show by a preponderance of evidence that the proffered reason was a pretext for discrimination.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-49 (2000).

On appeal, Kelley argues that the district court erred in holding that he and Jamie McDonald, a Caucasian UPS employee, were not valid comparators.  Kelley's arguments unpersuasive.  In the employee disciplinary context, "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." Lightner v. City of Wilmington, 545 F.3d 260, 265 (4th Cir. 2008).  Indeed, "[t]he most important variables . . . and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed."  Moore, 754 F.2d at 1105. We have held that, to establish a comparator, a plaintiff must

> show that [he is] similar in all relevant respects to [his] comparator.  Such a showing would include evidence that the employees dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010) (No. 09-1604) (argued but unpublished) (internal quotation marks and citations omitted).

4

We conclude that Kelley and McDonald were not valid comparators because they were not engaged in the same conduct and because they were not subject to the same standards. First, Kelley refused to complete an assignment after being directed to do so by Brad Hanser, a Business Manager. Kelley was thus terminated for failing to follow instructions. In contrast, McDonald declined the same assignment after Hanser offered him the opportunity to take the assignment on a voluntary basis. Because McDonald did not refuse to follow instructions from management when he turned down the assignment, we conclude that Kelley and McDonald were not engaged in the same conduct. Further, Kelley and McDonald were not subject to the same standards because McDonald was a full-time driver with seniority and Kelley was a part-time driver.

Kelley argues that he and McDonald were valid comparators because Hanser violated an alleged company policy that required him to inquire whether any full-time drivers would volunteer to complete the assignment before he could instruct a part-time driver, such as Kelley, to complete the assignment. We disagree that Kelley adequately demonstrated the existence of such a policy. Kelley merely offered his own deposition testimony that such a policy was in place, but he candidly admitted to not knowing the rules by which management distributed the assignment to drivers. Contrary to Kelley's

5

assertion on appeal, McDonald's deposition testimony did not support the assertion that such a policy exists. Further, UPS submitted evidence demonstrating that the policy does not exist, as Hanser declared that he had discretion to either offer the assignment on a voluntary basis or to instruct a driver to complete the assignment. Thus, we conclude that Kelley is not entitled to an inference that the policy existed. See Robinson, 602 F.3d at 607 (stating that only "all reasonable inferences" must be viewed in a light most favorable to the nonmoving party); see also Riley v. Honeywell Tech. Solutions, Inc., 323 F. App'x 276, 277 n.2 (4th Cir. 2009) (holding that plaintiff's "self-serving contentions . . . were properly discounted by the district court as having no viable evidentiary support").

Moreover, even if such a policy existed and Kelley was directed to take the assignment in contravention of the policy, it does not change the fact that Kelley's relevant conduct was failing to follow instructions and that McDonald's relevant conduct was declining a voluntary assignment offer. We therefore conclude that the district court did not err in determining that Kelley and McDonald were not objectively comparable and that Kelley failed to establish a prima facie case of discrimination.

Kelley next argues that the district court erred in finding that, even if he had established a prima facie case of

discrimination, he failed to create an issue of fact as to pretext. However, in support, Kelley merely asserts the same argument that supports his case in chief—that he was treated differently than McDonald for engaging in the same conduct. For the reasons previously stated, we conclude that Kelley's argument is unpersuasive. Thus, the district court did not err in determining that Kelley failed to create an issue of fact as to pretext.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7